JOSEPH PLANT and MARY PLANT, Appellants, v. JOHN FATE, MARY ANN THOMPSON and FRANK THOMPSON.

**Use of Minor's Unpartitioned Lands:** LIABILITY OF STEP-FATHER AND MOTHER FOR: *Natural Guardians.* Where a land owner dies, leaving a widow and minor children, and the widow. and her second husband occupy and cultivate the land and support the children, in a suit for partition after the children are of age,

1  the widow and her husband are chargeable with the values of the use of each child's interest during his minority, since the husband is not a tenant in common with the children, as he

2  had no interest in the land; and under Code 1873, section 2241, providing that the parents are the natural guardians of their children, and section 2243, that if the minor has property either parent may be appointed guardian to manage it, it is the duty of the widow to manage the property for their interest.

USE BY TENANTS IN COMMON: *Apportionment of taxes paid.* Where, in a suit for partition, two of several tenants in common have

3  occupied and used the whole property and paid the taxes thereon, the amount so paid should be divided among the several tenants in proportion to the interest of each in the land.

**Partition:** APPORTIONMENT OF ATTORNEY'S FEES. Under Code, section 4261, providing that in actions for partition of real estate, where a decree ordering partition or sale is rendered, there

1  shall be taxed in favor of plaintiff, as costs in the case, an attorney's fee, it is error to decree that each party shall pay his own attorney's fees, since there is no authority for apportioning

4  the attorney's fees as provided for other costs by section 4260, requiring that costs of partition not created by contest shall be paid eventually by all the parties in proportion to their interests.

*Appeal from Bremer District Court.*—HON. J. F. CLYDE, Judge.

MONDAY, MAY 27, 1901.

ACTION in equity for the partition of certain lands. Plaintiffs ask to be allowed for taxes paid and improvements made on the land and for attorney's fees. Defendants deny that the improvements were permanent, allege that recovery

for taxes paid prior to 1893 is barred, and they ask to recover for rents and profits of their share of the land. Plaintiffs replied that they had taken care of and supported the defendants John and Mary Ann during their minority, and that the same was worth more than the reasonable value of the rent of their share of the estate. Partition was ordered, and the court found "that plaintiffs had the entire use and occupation of such premises since 1877, and that such use and occupation has exceeded in value the taxes paid by them and the repairs and improvements made thereon, and therefore plaintiff's claim for taxes, repairs, and improvements are barred." The court ordered: "Plaintiffs will pay their own attorney's fees. Defendants will pay their attorney's fees." The other costs were ordered to the owners of the premises in proportion to their shares. Plaintiffs appeal.— *Modified* and *affirmed*.

*Sager & Sweet* for appellants.

*L. L. Thompson* and *Wm. B. Perrin* for appellees.

GIVEN, C. J.—I. John Fate died intestate in 1875, seised of the land in question, and leaving the plaintiff Mary, since intermarried with plaintiff Joseph Plant, his widow, John Fate, Mary Ann Fate, since intermarried with defendant Frank Thompson, Jennie Fate, and Laureta Fate his children and only heirs, survive him. Joseph and Mary Plant, after their marriage, in 1877, went to reside upon said land, taking said children with them, and continued to reside thereon up to the commencement of this action. During these years Mr. Plant cared for and cultivated the land, and he and his wife provided for their home and for said children as parents usually do. At the time they went upon the land the children were of tender years, being aged from 3 to 8. The children remained in the home, and were properly cared and provided for by the plaintiffs until they grew up and went from home to do for themselves.

The plaintiff Joseph Plant acquired the interest of Jennie Fate November 28, 1892 and of Laureta Fate January 14, 1895. But two questions are presented on this appeal, namely, should the plaintiff Joseph Plant be charged with rent? and should the plaintiffs be required to pay all of their attorney's fees? No question is made as to the respective shares, nor is any now made as to Mr. Plant's right to be allowed for taxes paid, and for permanent and lasting improvements. Neither are the plaintiffs now claiming anything for the support of the children. The first and important question is whether plaintiffs, who used and occupied the land, should be charged with rent for the use of the interest therein of these appellees.

II.    Appellants cite *Reynolds v. Wilmeth,* 45 Iowa, 693, and other cases, to the effect that one tenant in common is not liable to co-tenants for the use and occupation of the common property in the absence of an agreement with them to pay rent, and of demand from them to surrender possession, unless he has received rent for the property from a third person. See *Belknap v. Belknap,* 77 Iowa, 71, and cases therein cited. "Tenancy in Common. An estate in common exists in two or more persons where there is unity of possession, but each hold by a separate title. The tenants may hold by different titles, which may vest at different times, and the times of enjoyment be different. There is no right to survivorship, but each share may be freely alienated by will or deed, and, if undisposed of, descends to the heirs of the tenant." 6 Am. & Eng. Enc. Law, 892. In volume 2 at page 1058, it is said: "Tenants in common are two or more persons who hold possession of any subject of property by several and distinct titles." Mr. Plant had no title whatever to this land until he acquired the interest of Jennie in November, 1892. His only interest prior to that time was the inchoate right in his wife's interest in the land at her death—a right that he could not alienate. He was not

a tenant in common from 1887 to 1892. As to Mrs. Plant, she was, under the law as it then stood, the natural guardian of her children, and charged with the care of their property derived from their father. See sections 2241-2243, Code 1873. While charged with this trust, it was her duty to so use the property as to derive whatever income might be derived therefrom for the benefit of her children, to the extent of their interest. If it should be said that she was a tenant in common with the children during their minority, still she is charged as such natural guardian with the care of the property, and with the reasonable value of its use, as long as that interest existed, which was until the children, respectively, became of age. As plaintiff's used the property together, they are chargeable with the reasonable value of the use of each child's interest therein up to the time the child became of age. Mr. Plant became a tenant in common upon acquiring the interest of Jennie Fate, November 28, 1892, and, as the guardianship of Mrs. Plant terminated upon the children's attaining majority, she, too, became a tenant in common with them. As such tenants in common, they would be entitled to be allowed for permanent improvements made and for taxes paid on the property. There is no evidence showing the value of any improvements made at the time of the commencement of this action, and therefore nothing can be allowed on that account. The taxes paid by them since they became tenants in common amount to $86.15, one-sixth of which should be charged to each of the defendants John Fate and Mary Ann Thompson, being $14.35 to each, and the decree will be modified accordingly.

III. The court ordered that each party pay its own attorney fees. This division of the attorney's fees is not authorized. Under section 4261 of the Code, partition being ordered, "there shall be taxed in favor of the plaintiffs' attorney, as costs, in the case, an attorney's fee," etc. There is no authority for apportioning

this attorney's fee, as may be done with other costs, under section 4260. The decree of the district court will be modified in the two respects indicated, and as thus MODIFIED it is AFFIRMED.