LEWIS *v.* CRAWFORD.

Opinion delivered January 9, 1928.

1.  PARTITION—ALLOWANCE OF ATTORNEY'S FEE.—Acts 1921, p. 415, § 1, providing that in suits for partition the court may allow a reasonable fee for attorneys bringing a suit to be taxed as part of the costs, is not mandatory, and leaves the court the discretion to determine the cases in which such allowance may properly be made.

2.  PARTITION—ALLOWANCE OF ATTORNEY'S FEE.—Under Acts 1921, p. 415, § 1, providing that in suits for partition the court may allow a reasonable fee to attorneys bringing the suit, *held* the court was not warranted in requiring defendants in adversary partition proceedings, who were represented by their own counsel, to pay the fee of the attorney bringing the suit for partition as costs of the litigation.

3.  PARTITION—ALLOWANCE OF ATTORNEY'S FEE.—While a court has
    discretion under Acts 1921, p. 415, § 1, to determine when an
    allowance of a reasonable fee to attorneys bringing a partition
    suit shall be taxed as costs, it is only in amicable suits, or when
    the services of plaintiff's solicitor result in benefit to the whole
    subject-matter, or is acquiesced in by the other parties, that the
    court can, as a matter of course, tax a reasonable attorney's fee
    as costs to be paid according to the respective interests of the
    parties.

Appeal from Washington Chancery Court; *Lee Seamster,* Chancellor; reversed.

*E. B. Wall* and *W. N. Ivie,* for appellant.

*John R. Duty,* for appellee.

KIRBY, J. The only question presented by this appeal is whether or not, in a suit for the partition of lands, it is proper for the court to allow the solicitor of the plaintiff a fee for his services and tax the same as costs against all the parties to the action. The question was answered in the negative in *Gardner* v. *McAuley,* 105 Ark. 439, 151 S. W. 997, since which time it is insisted that the rule has been changed by statute, act 386 of the Acts of the General Assembly, session 1921, which provides:

"Section 1. That hereafter in all suits in any of the courts of this State for partition of land, when a judgment is rendered for partition, it shall be lawful for the court rendering such judgment or decree to allow a reasonable fee to the attorneys bringing such suit, which attorney's fee shall be taxed as part of the cost in said cause, and shall be paid *pro rata* as the other costs are paid according to the respective interests of the parties to said suit in said lands so partitioned."

This statute was enacted, doubtless, to change the rule as announced in said case *supra,* where it was said, quoting from *Cowling* v. *Nelson,* 76 Ark. 146, 88 S. W. 913: "The utmost that can be said of the attorney's fees is that they were part of the costs; and as to whether the court has, in amicable suits, any right to tax them as costs, is a question that the courts are divided upon, but all agree that, in adversary proceedings, they cannot be so taxed."

· It was also there said that the weight of authority appeared to be against the taxation of attorney's fees, even in amicable partition suits, unless the partition resulted solely from the services of the solicitors for one of the parties, and such services were accepted by the other parties; and "in adversary suits there is no ground for taxing the fees of the solicitor of one of the parties against the other parties, and the doctrine of allowance of attorney's fees in amicable suits of this character should, we think, be limited to those cases where the services of the plaintiff's solicitor not only result in benefit to the whole subject-matter of the litigation, but are accepted and acquiesced in by the other parties. The rule does not apply where all of the parties appear by their respective solicitors and the proceedings are conducted through their joint efforts."

Cyc says: "The general principle underlying the statutes authorizing allowances to be made in partition suits for the services of attorneys is that, irrespective of the person in fact employing the attorney, his services were necessary to the conduct of the proceeding and therefore were beneficial to all the parties; and, so far as they were such, are equitably chargeable against all. This is ordinarily true of the services of plaintiff's attorney, who, in bringing the action and in his antecedent investigations and in every step he takes, unless it be in the trial of contested issues as to title, works for the benefit of all the parties. If a defendant has, or in good faith believes he has, a good and substantial defense to the action, and employs an attorney to present it, such defendant is not answerable for any part of the fees of complainant's attorney." 30 Cyc, page 299.

The language of the act is broad and comprehensive, providing that in all suits in any of the courts of the State for partition, or where a judgment is rendered for partition, "it shall be lawful for the court rendering such judgment or decree to allow a reasonable fee to the attorneys bringing such suit, which attorney's fee shall be

taxed as part of the cost in said cause, and shall be paid *pro rata* as the other costs are paid, according to the respective interests of the parties to said suit in said lands so partitioned." While this language appears all-inclusive and to authorize the court rendering the judgment or decree for partition to make an allowance of a reasonable fee, to be taxed as part of the costs in all suits for the partition of land, to the attorneys bringing such suit, it is not mandatory, and leaves the court the discretion to determine the cases in which such allowance should properly be made.

Certainly it would not be just or equitable to require the appellants, who owned the seven-eighths interest in the land partitioned, who recognized the necessity for employment of, or preferred to be represented by, an attorney of their own selection, in the suit which may be regarded adversary instead of amicable, to pay the fee of plaintiff's attorney and also their own. It is true the chancellor found that the attorney bringing the suit fully developed all rights and interest of both plaintiffs and defendants, and was in no wise aided or assisted by the defendants or their counsel in protecting and ascertaining the rights of *all parties, plaintiffs and defendants,* but appellants evidently believed it necessary to do so, and had the right to employ an attorney of their selection to represent them and protect their rights in the litigation, without being mulcted into the payment of the fee of opposing counsel as costs in the case.

We are of opinion that under a proper construction of the act the court was not warranted in requiring the defendants in an adversary proceeding, who were represented by their own counsel, to pay the fee of the attorney bringing the suit for partition as costs of the litigation on the rendition of judgment for partition. There is no great unanimity of opinion in the courts of other jurisdictions in the construction of statutes of like kind. The following cases are cited in harmony with our holding: *Brower* v. *Rosenbaum & Little,* 125 Miss. 87, 87 So. 130; *Hoffman* v. *Smith,* 61 Miss. 544; *Wainscott* v.

*McBroom,* 203 Ky. 634, 262 S. W. 961; *Seeburger* v. *Seeburger,* 325 Ill. 47, 155 N. E. 763; *Jones* v. *Young,* 228 Ill. 374, 81 N. E. 1042; *Hemingray* v. *Hemingray* (Ky.) 96 S. W. 574.

It might not be so in all adversary proceedings for partition, the court having the discretion to determine in which it should be done, but it is only in amicable suits for partition, or when the services of plaintiff's solicitor result in benefit to the whole subject-matter of the litigation, or is accepted and acquiesced in by the other parties, that the court can, as a matter of course, tax the reasonable attorney's fee of the party bringing the suit as costs in the case, to be paid *pro rata* as the other costs are paid, according to the respective interests of the parties to the suit in the lands partitioned.

For the error designated in taxing the fee of the attorney bringing the suit as costs of the case against appellants, the decree is reversed and the cause remanded, with directions to distribute the proceeds of the sale of the partitioned lands according to the interest of the parties without deduction of any part of the attorney's fee as cost of the litigation, and for other proceedings in accordance with the principles of equity and not inconsistent with this opinion.

Justices WOOD, HUMPHREYS and McHANEY dissent.

McHANEY, (dissenting). With all due deference to the opinion of the majority in this case, I cannot bring myself to agree to the views therein expressed, for the reason that in my opinion it destroys the act of the Legislature under consideration, which is act 386 of 1921, and section 1 thereof is as follows: "That hereafter in all suits in any of the courts of this State for partition of lands, when a judgment is rendered for partition, it shall be lawful for the court rendering such judgment or decree to allow a reasonable fee to the attorney bringing such suit, which attorney's fee shall be taxed as part of the

costs in said cause, and shall be paid *pro rata* as the other costs are paid according to the respective interests of the parties to said suit in said lands so partitioned.''

While the opinion of the majority does not in terms hold this act unconstitutional, yet the effect of the decision is that, if it be construed in accordance with its plain provisions, making it lawful for the court to allow a fee in all suits for partition, where judgment therefor is rendered, whether litigated or not, and taxing the amount thereof against the respective interests *pro rata,* it is unconstitutional. There is no exception contained in the act making it lawful for the court to allow a fee in such cases, but the opinion of the majority, in my judgment, writes such an exception into the act in contradiction of its plain terms.

It will be noticed that the act provides ''that hereafter in all suits * * * for partition of lands when a judgment is rendered for partition, it shall be lawful,'' etc. It is not provided in the act that it shall be lawful for the court to fix a fee only in uncontested cases, but the language of the act is in all cases it shall be lawful for the court to fix a fee. It will be noticed from the language of the act that it is lawful for the court to grant a fee only in case ''judgment is rendered for partition.'' Therefore, when a partition suit is brought, although the defendants may appear and make defense to the action, yet, under the plain language of the statute, ''when a judgment is rendered for partition,'' it shall be lawful for the court to fix a fee for the attorney for plaintiff.

If, according to the opinion of the majority, it shall be lawful for the court to fix a fee only in uncontested cases, there most probably will hereafter be no uncontested cases.

Our statute is not unlike those in a number of other states which I have examined. In a well considered case in the court of chancery of New Jersey, *McMullen* v. *Doughty,* 68 N. J. Eq. 776, 55 Atl. 115, the court had under consideration a statute making it lawful to include in the

plaintiff's costs a counsel fee to be fixed by the chancellor in partition cases. The court used this language: "Some question has been raised as to the practice in allowing a counsel fee to the solicitor of the complainant out of the whole estate in cases where the defendant is represented by counsel. The decision of the chancellor in the recent case of *Kellar* v. *Kellar* (no opinion filed) is cited, where he refused to allow a counsel fee to the complainant's counsel in a partition suit in which the defendant had employed counsel and the case had been litigated. That decision was made before the chancery act of 1902 (P. L. p. 540) No. 91, provided that it should be lawful to include in the complainant's costs a counsel fee to be fixed by the chancellor on final decree. The chancellor, since the passage of the act of 1902, has indicated that the practice should recognize the change made by that statute, and that, in cases in which the complainant is equitably entitled to a decree for costs, the vice chancellor to whom the cause has been referred should hear the parties on the question of the allowance of a counsel fee to the complainant, and, in advising the final decree, should report to the chancellor what is a reasonable fee to be allowed. If either party is dissatisfied with the vice chancellor's allowance, he may on notice to the other party apply to the chancellor to fix a proper sum."

This case was again followed and will be found reported in the 68 N. J. Eq. 776, 55 Atl., page 284, between the same parties, where the constitutionality of the act was brought in question, and the court there said: "The objection is first put on the ground that the legislation in question is obnoxious to constitutional restrictions, either that of the Constitution of the United States forbidding any State to deny to any person in its jurisdiction the equal protection of the laws, or that of our Constitution forbidding any general law to include any provision of a private, special, or local character, or that forbidding the passage of any private, local or special law granting to any individual any exclusive

benefit. His contention is that, by section 91, a benefit is conferred on successful complainants in chancery suits which is not conferred upon successful defendants. He supports his contention by numerous cases in the State and Federal courts in which legislation conferring power to award allowances to parties in actions against certain corporations, such as railroad companies, or in actions against such corporations for certain tortious acts, have been pronounced invalid. But the legislation under consideration is capable of being distinguished from that dealt with in the cases cited. It affects a whole class of litigants, viz., complainants. It does not distinguish among them by reason of the nature of the action or the character or conduct of the defendants. Why defendants who might be successful in equitable suits are not included in the benefit of this legislation cannot be considered, if complainants in such suits form a proper class for such legislation. That they are improperly classified by this act does not seem to me to be so clear that a court of primary jurisdiction would be justified in pronouncing the legislation for their benefit wholly invalid.''

In the case of *Pate* v. *Maples,* Chancery Court of Appeals of Tenn., reported in 43 S. W. 740, the court held, quoting the first syllabus, as follows: ''Under Shannon's Code, § 5035, which provides in substance that in partition cases the court may order fees for attorneys for both parties paid out of the common fund, it is not an abuse of discretion to refuse to tax the fund with the attorney's fees of adult defendants whose interests are not assailed by the complainants.''

In the case of *Padgette* v. *Smith* (Mo.), 103 S. W. 943, the court said: ''There is no reversible error in the proceedings of the court subsequent to our mandate. An attorney's fee was allowed, and (as partition was decreed) the statute permits a reasonable fee to be taxed as costs for the attorneys bringing the suit.'' And the allowance of the fee was approved under section 4422 of the Revised Statutes of Mo., 1899.

I do not think the statute should be so construed as to make it lawful for the court to fix a fee for the plaintiff's attorney in uncontested cases only, but if it could be said that this is the correct interpretation of the statute, I would still say, in this particular case, that, although an answer was filed, no defense was alleged or set up therein, and that therefore it was in fact an uncontested case. This court has not gone into the question of the reasonableness of the fee allowed in this particular case, hence I make no comment thereon. But in about 99 partition cases out of every 100, there is and can be no legitimate defense offered thereto. I am therefore of the opinion that the judgment of the chancery court should be affirmed, and if there were any contest about the reasonableness of the fee allowed, it should be determined by this court. I am authorized to say that Mr. Justice Wood and Mr. Justice Humphreys agree to the views herein expressed.