RAMEY *v.* BASS.

4-8046                                                198 S. W. 2d 835

Opinion delivered January 20, 1947.

*DuVal L. Purkins, Chas. F. Cole, Culbert L. Pearce* and *Owen C. Pearce,* for appellant.

*W. D. Murphy, Jr.,* for appellee.

HOLT, J. The only question presented by this appeal is whether, in a partition suit, the court should have allowed the attorney for plaintiffs an attorney's fee and taxed it as costs against all the interested parties to the action, as authorized under § 10531 of Pope's Digest. This section provides: ''Hereafter in all suits in any of

the courts of this State for partition of lands when a judgment is rendered for partition, it shall be lawful for the court rendering such judgment or decree to allow a reasonable fee to the attorney bringing such suit, which attorney's fee shall be taxed as part of the costs in said cause, and shall be paid *pro rata* as the other costs are paid according to the respective interests of the parties to said suit in said lands so partitioned. Act 386 of Acts of 1921, approved March 24, 1921.''

The record reflects that George R. Case died intestate in 1934, leaving surviving his widow and ten children. Since his death, his widow and two sons have died, one son left a widow and the other, two children. At the time of his death, George R. Case owned certain real property. On behalf of some of these heirs, Mr. Culbert L. Pearce filed the original partition suit November 21, 1945, and on December 18, 1945, filed an amended and substituted complaint in which was alleged the interest of the various heirs to the property in question, that because of the diversity of interests and the nature of the property it could not be divided in kind without prejudice to the interests of all the owners, that it should be sold and the proceeds divided as the interest of the owners might appear, and there was a prayer accordingly, and ''that plaintiffs have all other and proper equitable relief, both special and general.''

At the time the original complaint was filed, attorney W. D. Murphy, Jr., a member of the Batesville bar, was designated and appointed attorney *ad litem* for certain nonresident defendants. He accepted the appointment, and following his appointment, Mr. Murphy was cooperative with plaintiffs' counsel, obtained the addresses of all resident and nonresident defendants, and obtained authority to enter their appearance as defendants in the partition suit.

On January 16, 1946, Mr. Murphy filed on behalf of defendants, ''Entry of Appearance and Answer,'' the material parts of which were: ''Comes, W. D. Murphy, Jr., attorney of record for all of the defendants in this

action, to-wit: (naming them) and enters the appearance of said defendants for all purposes, and expressly waives service of summons. Defendants admit that the interests of the various parties to this suit are as set out in page six of the amended complaint except for the following matters." He then alleges, in substance, that defendant Clara Case's interest in the property to be partitioned should be 14 of the 392 parts, that the interest of Robert C. Case, an interested party, an incompetent, should be 7 parts of the 392, and that the estate of George R. Case, deceased, should be 119 of the 392 parts, and his prayer was: "The defendants are not willing that the court tax as part of the court costs any attorney fee for Cul Pearce, attorney for the plaintiffs, in this action, and if motion is filed for said fee, defendants at this time ask that appropriate time be given for the response of the defendants to that motion."

On the same day this answer was filed, January 16, 1946, a decree was entered and filed in the partition suit in which Clara Case was allowed 14 of the 392 parts, the estate of George R. Case, 119 of the 392 parts, and Robert C. Case 7 of the 392 parts. Thereafter, in accordance with the terms of the decree, the commissioner, appointed to make the sale of the property, filed his report February 27, 1946, and on the same date, there was an order of the court approving the sale as made. The property sold for $9,350. The commissioner was ordered to make distribution of $8,353.52 under the terms of the decree (quoting from the decree): "And it appears that Cul. L. Pearce, attorney for the plaintiffs, has filed petition for the allowance of a fee to be paid out of the proceeds of the sale of said real property as part of the costs, under authority of § 10531 of Pope's Digest of the Statutes of Arkansas and that the defendants have filed a response, objecting to such allowance. It is therefore ordered that said commissioner shall set aside and hold the sum of $996.48 of said fund, until otherwise ordered by the court, and shall distribute the sum of $8,353.52, or $21.31 per part . . ."

February 25, 1946, appellants' attorney, Mr. Pearce, filed petition for attorney's fee, to be taxed as costs, and thereafter on May 15, 1946, the court denied the petition and dismissed same for want of equity. There were no findings of fact or conclusion of law. From this decree, this appeal is prosecuted.

As indicated, appellants' claim for attorney's fee is based upon the provisions of the above section which was enacted by the Legislature in 1921.

Appellees earnestly contend that the decree of the lower court should be upheld on the authority of *Lewis* v. *Crawford*, 175 Ark. 1012, 1 S. W. 2d 26, decided by this court in 1928. We cannot agree.

After a careful review of the record presented, we think the instant case is clearly distinguishable from the Lewis-Crawford case. In that case, this court announced with approval the general rule (30 Cyc. 299) as follows: "The general principle underlying the statutes authorizing allowances to be made in partition suits for the services of attorneys is that, irrespective of the person in fact employing the attorney, his services were necessary to the conduct of the proceeding and therefore were beneficial to all the parties; and, so far as they were such, are equitably chargeable against all. This is ordinarily true of the services of plaintiff's attorney, who, in bringing the action and in his antecedent investigations and in every step he takes, unless it be in the trial of contested issues as to title, works for the benefit of all the parties. If a defendant has, or in good faith believes he has, a good and substantial defense to the action, and employs an attorney to present it, such defendant is not answerable for any part of the fees of complainant's attorney."

The court further said in that opinion: "We are of the opinion that under a proper construction of the act the court was not warranted in requiring the defendants in an adversary proceeding, who were represented by their own counsel, to pay the fee of the attorney bringing

the suit for partition as costs of the litigation on the rendition of judgment for partition. . . . It might not be so in all adversary proceedings for partition, the court having the discretion to determine in which it should be done, but it is only in amicable suits for partition, or when the services of plaintiff's solicitor result in benefit to the whole subject-matter of the litigation, or is accepted and acquiesced in by the other parties, that the court can, as a matter of course, tax the reasonable attorney's fee of the party bringing the suit as costs in the case, to be paid *pro rata* as the other costs are paid, according to the respective interests of the parties to the suit in the lands partitioned.''

As we interpret that opinion, it means that in a partition suit, where the proceedings are not adversary, but friendly and amicable, a reasonable attorney's fee for plaintiff's attorney should be assessed and taxed by the court as costs against all the parties, proportionate to the interest of each.

In the present case which comes here for trial *de novo*, defendants made no defense whatever to the partition suit, in fact, the effect of their actions was to admit a partition of the property involved was necessary and proper. The partition suit was in no sense an adversary proceeding but purely amicable. The answer of appellees, defendants below, was in effect but formal and set up no defense to the suit. Its primary purpose and effect was to contest the right of plaintiffs' attorney to have a fee taxed as costs. That this was its purpose seems apparent from the following statement from appellees' brief:

''The appellants mention that defendant's answer did not set up facts which the appellants claim would have made the suit an adversary proceeding, but there was no need to do that at that time because the mistakes complained of had been brought to the attention of the counsel for appellants and all that had been complied with,'' and in a stipulation filed by the parties: ''It is agreed that Myrtle Weigart, one of the plaintiffs, if

called as a witness, would testify that in a conversation in Batesville, about December 10, 1945, defendant Robert Ella Case told her that 'we (meaning herself and other defendants) can't keep the property from selling, but we have hired a lawyer to file answer and keep your attorney from getting a fee out of our part of the money the property brings.' "

While the answer called attention to alleged errors in the amended complaint as to the amount of the interest of three of the defendants, these errors were promptly and agreeably corrected on the same day and the decree entered.

In 40 American Jurisprudence, p. 83, under subject "Partition," § 95, we find this language: "The plaintiff has been held entitled to the allowance and apportionment of the entire fee for services in the partition suit, notwithstanding the defendant called attention to omissions and inaccuracies, which were corrected, etc."

Insofar as the answer raises the issue of, and questions the attorneys' fee, this alone would not be sufficient to make the partition an adversary one. In *Johnson* v. *Emerick* (1905), 74 Neb. 303, 104 N. W. 169, 12 Ann. Cas. 851 (73 A. L. R. 26), the court there said: "No adverse action was ever taken in the case until the plaintiffs requested the payment of counsel's fees out of the proceeds of the sale of the premises. When that application was made, the proceedings at once became adversary on the question of the payment of attorneys' fees alone; but a contest over the payment of attorneys' fees would not of itself be sufficient to make the partition proceedings adversary."

We think on the record here that the services of plaintiffs' attorney resulted to the benefit of all the parties interested in the partition suit in question, that such services were accepted by, and acquiesced in, by all of them, that the suit was of a friendly and amicable nature and not adversary and therefore, that appellants' attorney was entitled to a reasonable fee which should have

been taxed as costs by the court below, for the able and efficient services rendered.

Accordingly, the decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.