## Warren *v.* Klappenbach.

4-8495                209 S. W. 2d 468

Opinion delivered March 22, 1948.

*Carlos B. Hill,* for appellant.

*Price Dickson* and *Peter G. Estes,* for appellee.

Ed. F. McFaddin, Justice. The only question on this appeal is whether the chancery court erred in refusing to tax, against both plaintiff and defendant, the fee allowed the plaintiff's attorney in this partition suit. The answer to this question necessitates a determination as to whether the facts in the present case are similar to the facts in *Lewis v. Crawford,* 175 Ark. 1012, 1 S. W. 2d 26— where such fee was refused—; or to those in *Ramey v. Bass,* 210 Ark. 1097, 198 S. W. 2d 835—where such fee was allowed. There is no conflict between the two cited cases: the first involved an adversary proceeding, and the second an amicable proceeding. Which type is the present case? That is the decisive question, and must necessarily be answered by the facts.

In the case at bar, Julia E. Warren (appellant) and Mary Klappenbach (appellee) were tenants in common, each owning a one-half interest in certain property in Fayetteville. Julia E. Warren filed this suit for partition in June, 1947, alleging the ownership, and that:

" . . . she and the defendant cannot agree upon an equitable division of said city lot, or parcel of land, and that in fact the said parcel of land is not susceptible of a division in kind without a material injury to the rights of the parties, and that the said city lot should be sold, and the proceeds of such sale divided according to the interests of the parties hereto."

Mary Klappenbach, being a nonresident, was summoned by publication; and in July, 1947, she filed answer. She admitted the co-tenancy, but denied that the sale of the property was advisable or necessary. Her answer stated in part:

"This defendant further states that she and the plaintiff herein have been negotiating for a settlement of the subject matter of this cause and that in the opinion of this defendant the lands herein can be divided in kind, and if not divided in kind that this defendant desires to retain the property and make an adjustment with the plaintiff herein for her undivided interest without the necessity of exposing said lands to public sale.

"That the defendant herein has been compelled to contribute amounts in payment of taxes and other expenses for which she has not been reimbursed by the plaintiff, which expenditures have inured to the benefit of plaintiff herein in the protection of the interest of plaintiff in the lands described in the complaint, and that an accounting should be had between plaintiff and defendant and whatever amount found to be due by the plaintiff to the defendant should be charged against plaintiff's interest in the lands described in the complaint.

"Wherefore this defendant prays that complaint of the plaintiff be dismissed for want of equity, and that an accounting be had between plaintiff and defendant and

that such amounts be charged against plaintiff's interest in the lands described in plaintiff's complaint and for all other and further relief to which she may be entitled.''

The cause proceeded to trial before the chancery court on the issues joined, with each party represented by an attorney of her own choosing. A decree was entered ordering sale of the property, as sought by the plaintiff. After the sale, Julia E. Warren's attorney filed a motion praying that the court fix his fee and tax the same as costs against the entire proceeds of the sale, that is, *that the fee of the plaintiff's attorney be paid equally by plaintiff and defendant.* Section 10531, Pope's Digest, was cited as authority for such motion. The court fixed the fee for Julia E. Warren's attorney, but refused to require any part of the fee to be paid from Mary Klappenbach's (appellee's) interest or her proceeds of the sale. From such refusal there is this appeal.

It is clear from the pleadings hereinbefore detailed that this partition suit between Julia E. Warren and Mary Klappenbach has been an adversary proceeding from its very inception. The case at bar is therefore similar in its facts to *Lewis* v. *Crawford, supra,* and is ruled by the holding in that case. The chancery court was correct in refusing to tax against Mary Klappenbach's interest any portion of the fee of Julia E. Warren's attorney. Affirmed.