BEASLEY v. BEASLEY.

180                                    278 S. W. 2d 100

Opinion delivered April 25, 1955.

*Rex W. Perkins, Lee Williams* and *E. J. Ball,* for appellant.

*James E. Evans* and *C. D. Atkinson,* for appellee.

ROBINSON, J.  The issue here is whether the transfer of a deed by the grantor to the grantee was a delivery conveying title, or whether the transfer was to be considered a delivery sufficient to convey title only upon the happening of a future event.

In May, 1948, R. N. Beasley, anticipating that a judgment might be rendered against him growing out of an automobile accident, and seeking to avoid the consequences thereof, deeded to his brother, Alpha Beasley, a small tract of land with improvements consisting of R. N.'s home and some apartments.  In May, 1949, Alpha executed and delivered a deed to the same property to R. N.  In March, 1950, R. N. died without having recorded the deed from Alpha.  In September, 1952, Ida, wife of R. N., died.  In May, 1953, the appellees herein, heirs of R. N., filed this suit for partition of the property; by intervention, the heirs of Ida became parties. There is also an allegation that Alpha had collected certain rents on the property for which he should be held accountable.  Alpha, answering, claimed to be the owner of the fee.  At the trial, he offered to testify that when he delivered the deed to R. N. they had an oral agreement to the effect that the deed would not be placed on record, and that if R. N. was the first of the two to die, Ida, the wife of R. N., would return the deed to Alpha.

The trial court held the proffered testimony as to the alleged oral agreement to be inadmissible as evidence. Appellants contend that the court erred in excluding this evidence, and that when it is considered it proves there was not such a delivery of the deed as to convey title.

We need not decide the question of whether the testimony was admissible, for assuming without deciding that it should have been admitted as evidence, still it is not sufficient to establish Alpha's claim that the deed did not convey the fee simple title. The circumstances tend to prove that Alpha merely held the title in the first instance as a convenience for R. N. Alpha paid nothing for the property to start with, and received nothing from R. N. when he reconveyed the land. In all probability, if a judgment had been rendered against R. N., the judgment creditors, by bringing to light the true facts, could have set aside the deed to Alpha. There is no evidence in the record to support Alpha's contention that there was an oral agreement of a conditional delivery except, perhaps, the fact that the deed to R. N. was not recorded, and the testimony of Alpha and his wife Minnie. Since they are parties, their testimony does not stand undisputed. *Lewis* v. *Lewis,* 222 Ark. 743, 262 S. W. 2d 456.

The inferences to be derived from the evidence contradict Alpha. He says that he wanted to give the deed to R. N. before his (Alpha's) daughter became of age, implying that he wanted to prevent her from acquiring any rights he thought she might have at that time. No explanation is made as to the reason he wanted to convey the property contrary to the interests of his own daughter. A reasonable inference is that the property as a matter of fact belonged to R. N.

Further, he says that R. N. and Ida were to have the rents on the property as long as they lived, but there is no explanation as to the reason why Alpha would want to give rents on property he owned to R. N. and Ida. Moreover, after R. N. died the property was improved by putting in modern conveniences, and money was borrowed from the bank for that purpose. Alpha signed the $480.00 note with Ida, but why would Alpha require Ida, an old lady, to sign a note with him to fix up property that he owned? It is more reasonable to believe that Alpha was helping Ida borrow the money to improve property that she owned. Alpha attempts to explain this transaction by saying that Ida was supposed to use the

rents to pay off the note. This explanation does not carry much weight as going to prove Alpha to be the owner.

Alpha claims that he was in poor health, and gives this as one of the reasons for delivering the deed to R. N. If Alpha's version of the transaction is correct and if he had died first, R. N. would have taken title, thus depriving Alpha's widow and daughter of any interest in the property. No explanation is made of such an unusual transaction. Alpha does not make out a case by a preponderance of the evidence; but, even so, a preponderance of the evidence would not be sufficient to set aside a deed, regular on its face and delivered by the grantor to the grantee, on the ground that there was a contemporaneous agreement that the deed would not take effect until the happening of some future event. Assuming such a showing could be made, it would have to be by evidence which would be clear, convincing and decisive. *Harvey* v. *Ledbetter,* 219 Ark. 27, 240 S. W. 2d 18; *Morton* v. *Morton,* 82 Ark. 492, 102 S. W. 213. The evidence in this case falls far short of that requirement.

The decree provides for the fixing of attorneys' fees to be paid out of the proceeds of the sale of the property. Appellants contend that since this is an adversary proceeding, plaintiffs are not entitled to be paid a fee from that portion of the property going to appellants. Appellants are correct in their contention in this respect. *Lewis* v. *Crawford,* 175 Ark. 1012, 1 S. W. 2d 26; *McHenry* v. *McHenry,* 209 Ark. 977, 193 S. W. 2d 321. Hence, the decree should be modified to the extent of disallowing the attorneys' fee. This will leave the parties to pay their own attorneys.

As modified, the decree is affirmed.