518

REAGAN *v.* RIVERS.

5-2397                                                      345 S. W. 2d 601

Opinion delivered May 1, 1961.

*Chas. F. Cole,* for appellant.

*Gus Causbie,* for appellee.

CARLETON HARRIS, Chief Justice. Appellee and appellants owned, as tenants in common, a tract of approximately 800 acres of land in the southern district of Sharp County, Arkansas. Appellee sought a partition of the lands, the complaint alleging that the lands "are not susceptible to equitable division in kind because of the very considerable variation in the character and value of the several tracts of said land and also due to the fact that a portion of the land is cleared and in cultivation while a greater portion of same is covered with a large amount of valuable marketable timber and that it would be to the best interest of the parties hereto to have the timber sold separately from the land." The prayer was that the lands be partitioned according to the respective rights of the parties, or if same could not be partitioned without material injury to the rights of such party, that the timber and lands be sold and divided, after payment of costs. Appellants answered, admitting that they were the owners of an undivided 11/14ths interest in said lands, and appellee was the owner of an

undivided 3/14ths interest. They denied that the lands were not susceptible to division in kind, and further stated "that said lands have been held by them for a number of years as an investment and for investment purposes, and that to compel them to sell their interests in said lands would work a hardship on them at this time; that it would force them to dispose of property held for investment purposes, and would require them to pay a substantial income tax on the monies received by them for their interests in said lands." On May 3, 1960, the court made a finding as to the interest held by each party;[1] that the appellants were asking that the 11/14ths interest belonging to them be set off undivided, according to their interests, and that the 3/14ths interest of appellee be set off to her separately. The court appointed commissioners to make an examination of the lands, and directed that if it should be found that the lands were susceptible of division in kind, the commissioners should set off 11/14ths to appellants, and 3/14ths to appellee. In September, the commissioners made their report, wherein the lands had been partitioned to the parties as directed. In November, the Chancery Court entered its order confirming the partition of the commissioners, and directed that the costs be paid jointly, and in proportion to the several interests of the parties, including a fee of $100 to each of the three commissioners, and a fee in the amount of $1,000 to appellee's attorney, who had instituted the suit. Appellants vigorously object to the granting of the attorney's fee, and have appealed to this Court.

The attorney's fee was granted under the provisions of § 34-1825, Ark. Stats. (1947) Anno.,[2] and as indicated, the sole question in this case is whether the

---

[1] Fannie Reagan, a 5/14 undivided interest; Allie Holman, a 3/14 undivided interest; Pauline Lambeth, a 3/14 undivided interest, and Aileen Kirby Rivers, a 3/14 undivided interest.

[2] The statute reads as follows: "Hereafter in all suits in any of the courts of this State for partition of lands when a judgment is rendered for partition, it shall be lawful for the court rendering such judgment or decree to allow a reasonable fee to the attorney bringing such [suit], which attorney's fee shall be taxed as part of the costs in said cause, and shall be paid pro rata as the other costs are paid according to the respective interests of the parties to said suit in said lands so partitioned."

court acted properly in allowing such fee. Under our holdings, this question is resolved by a determination of whether the instant litigation was an adversary proceeding. See *Warren* v. *Klappenbach,* 213 Ark. 227, 209 S. W. 2d 468. In *Lewis* v. *Crawford,* 175 Ark. 1012, 1 S. W. 2d 26, this Court, quoting from an earlier case, stated:

"It was also there said that the weight of authority appeared to be against the taxation of attorney's fees, even in amicable partition suits, unless the partition resulted solely from the services of the solicitors for one of the parties, and such services were accepted by the other parties; and 'in adversary suits there is no ground for taxing the fees of the solicitor of one of the parties against the other parties, and the doctrine of allowance of attorney's fees in amicable suits of this character should, we think, be limited to those cases where the services of the plaintiff's solicitor not only result in benefit to the whole subject-matter of the litigation, but are accepted and acquiesced in by the other parties. The rule does not apply where all of the parties appear by their respective solicitors and the proceedings are conducted through their joint efforts.' "

Further:

"Certainly it would not be just or equitable to require the appellants, who owned the seven-eighths interest in the land partitioned, who recognized the necessity for employment of, or preferred to be represented by, an attorney of their own selection, in the suit which may be regarded adversary instead of amicable, to pay the fee of plaintiff's attorney and also their own."

The trial court, which had awarded an attorney's fee, was reversed. Appellee relies upon *Ramey* v. *Bass,* 210 Ark. 1097, 198 S. W. 2d 835, wherein the Chancery Court was reversed for not allowing such an attorney's fee, this Court holding that the fee was proper under the facts in that litigation; *i.e.,* the proceeding was not actually an adversary one.

We have concluded that, in the case at Bar, the court erred in awarding the fee to appellee's attorney, for we are of the opinion, from the record before us, that this was an adversary proceeding from its inception.

Appellee, in her complaint, alleges that the lands are not susceptible to division in kind because of the variation in the character and value of the several tracts, and asserts that it would be to the best interests of the parties to have the timber sold separately from the land; it is only in her prayer that the partition of the lands and timber is mentioned, and, of course, our statute requires that a suit for partition contain a prayer for the division of the property, and for a sale if it shall appear that partition cannot be made without prejudice to the owners. See § 34-1801, Ark. Stats. (1959 Supplement). In other words, it appears from the complaint, that appellee was primarily concerned with obtaining a sale of the property. In their answer, appellants denied that the lands were not susceptible of division in kind, and requested that appellee's share be set off to her individually, *i.e.,* they were genuinely opposed to the sale of the lands and timber. There is a substantial factual difference in this case and the *Ramey* case, relied upon by appellee. There, counsel instituted a suit for certain heirs, directed against certain other heirs, who were non-residents of the state. An attorney *ad litem* was appointed for the non-resident defendants. This attorney was apparently later retained to represent the defendants, and filed an "Entry of Appearance and Answer". In the answer, he noted certain errors relating to the interests of some of the parties, and then stated, "The defendants are not willing that the court tax as part of the court costs any attorney fee for attorney for the plaintiffs, in this action, and if motion is filed for said fee, defendants at this time ask that appropriate time be given for the response of the defendants to that motion." It definitely appears from the transcript of that case, that the *Bass* attorney was cooperating fully with the *Ramey* attorney in determining the proper interest of each heir (and it was in a sense of cooperation

that the errors were noted in the answer filed). Quite a bit of correspondence appears in the record, and in one letter, the *Bass* attorney stated to counsel for *Ramey*: "I will be glad to cooperate with you in every way possible." There was even a stipulation, as cited in the opinion:

"It is agreed that Myrtle Weigart, one of the plaintiffs, if called as a witness, would testify that in a conversation in Batesville, about December 10, 1945, defendant Robert Ella Case told her that 'we (meaning herself and other defendants) can't keep the property from selling, but we have hired a lawyer to file answer and keep your attorney from getting a fee out of our part of the money the property brings.' "

In deciding that the attorney's fee was proper, this Court said:

"In the present case which comes here for trial *de novo,* defendants made no defense whatever to the partition suit, in fact, the effect of their actions was to admit a partition of the property involved was necessary and proper. The partition suit was in no sense an adversary proceeding but purely amicable. The answer of appellees, defendants below, was in effect but formal and set up no defense to the suit. Its primary purpose and effect was to contest the right of plaintiffs' attorney to have a fee taxed as costs."

It was then pointed out in the Opinion that the issue of an attorney's fee, standing alone, does not make the partition action an adversary one.

There is no indication of any cooperation between the attorneys in the case at Bar. The transcript definitely reflects this to be an adversary proceeding. The objections raised were not to an attorney's fee—but to the land and timber being sold. In fact, appellee states that nothing in the record raises the question of the propriety of allowing an attorney's fee, and where an issue is not made by the pleadings, the question cannot be raised on appeal for the first time. We find no merit

in this contention, since no specific request was made for an attorney's fee in the initial pleadings; in .fact, there is no mention of an attorney's fee anywhere in the record until the final order of the court confirming the partition by the commissioners. The matter was therefore not placed in issue until the final decree was entered.

In accordance with the views expressed in this Opinion, that portion of the decree allowing the attorney's fee is reversed, and the cause is remanded with directions to modify the "Order Confirming Partition by Commissioners" as herein set out.