appealed to it from the county court. In that case we said:

"It is from the circuit court that the appeal comes to this court, and we do not try the case de novo, and . . . we do not, on appeal from the circuit court to this court, consider the question of the preponderance of the testimony."

*Three.* Appellants say the trial court failed to pass upon appellants' motion to dismiss and upon Giles Evans' intervention because the court was of the opinion those questions were foreclosed by our opinion in the *Ennis* case, *supra.* It is contended this was error on the part of the trial court. An examination of the written findings included in the judgment negates this contention. A portion of such findings reads: ". . . the motion to dismiss filed herein on behalf of the respondents was considered by the court and the same was denied, and the motion to dismiss filed herein on behalf of the intervenor was likewise considered by the court and the same was denied."

The trial court's judgment, in part, reads: ". . . the order of the Garland County Court, dated December 5, 1956, is in all things affirmed and approved." Finding no error, we affirm the judgment of the trial court.

Affirmed.

HENDRICKSON *v.* DUNCAN.

5-3015                                                    370 S. W. 2d 131

Opinion delivered May 27, 1963.

[Rehearing denied September 9, 1963.]

*Francis T. Donovan,* for appellant.

*Virginia H. Ham,* for appellee.

SAM ROBINSON, Associate Justice. The issue is whether appellee, Floyce Duncan, shall be required to pay part of the fee for the attorney employed by the appellant, Hendrickson, to take the necessary legal steps to partition 117.90 acres of land. Appellant owns 74/144, appellee owns 60/144, and others own 10/144 of the property. The chancellor held that the proceeding is adversary and that, therefore, appellee is not liable for a pro rata part of the fee for the attorney employed to prosecute the partition proceeding.

Hendrickson has appealed.

The action was instituted by appellant, Hendrickson, filing a complaint in the Chancery Court January 18, 1962 in which he alleged the interest owned by himself, Mrs. Duncan, and others, and asked for partition. Summons was issued and served on appellee as one of the owners. The complaint prays that "partition of said lands be made according to the respective rights of the parties aforesaid, or, if it be found that such partition cannot be had without material injury to the rights of the parties hereto, that said lands be sold and that the proceeds of such sale be divided among said parties . . . "

Appellee, Mrs. Duncan, immediately employed an attorney to represent her, and on February 9, 1962, filed a separate answer in which she asked that she be reimbursed for certain expenses she had incurred in connection with the property and asked that the property be partitioned. Everyone concerned must have understood that although Mrs. Duncan wanted the land itself divided among the owners, she strenuously objected to the land being sold and the proceeds divided. The case was therefore set for trial; the trial was held on April 4, 1962; and the property was finally sold under order of the court.

Mrs. Duncan testified at length on direct and cross-examination. It is clear from her testimony that the pro-

ceeding is adversary. She did not want the property sold as a unit; she wanted to divide it and was willing to take any part; in fact, she offered to take less than the interest she owned if it was divided. Although she was not living on the property at the time suit was filed or at the time the case was tried, she had lived on it for a long time, from 1928 to 1955. She testified that to her the land had a great sentimental value and that she hoped to go back there and retire. She stoutly resisted the sale of the land.

Ark. Stat. Ann. § 34-1825 (Repl. 1960) provides: "Hereafter in all suits in any of the courts of this State for partition of lands when a judgment is rendered for partition, it shall be lawful for the court rendering such judgment or decree to allow a reasonable fee to the attorney bringing such [suit], which attorney's fee shall be taxed as part of the costs in said cause, and shall be paid pro rata as the other costs are paid according to the respective interests of the parties to said suit in said lands so partitioned." This court has held, however, that the foregoing statute is not applicable in an adversary proceeding. *Warren* v. *Klappenbach,* 213 Ark. 227, 209 S. W. 2d 468.

The chancellor's finding that the proceeding is adversary is not contrary to a preponderance of the evidence. Appellee is therefore not liable for a part of the attorney's fee.

It might be added that Act 518 of 1963, dealing with attorneys' fees in a partition action is not applicable here as it did not become effective until this matter had been adjudicated.

Affirmed.