GUYNN v. GUYNN.

5-3146                                               375 S. W. 2d 656

Opinion delivered February 10, 1964.
[Rehearing denied March 16, 1964.]

*House, Holmes, Butler & Jewel, Paul K. Roberts, Philip E. Dixon,* for appellant.

*Tom Haley,* for appellee.

FRANK HOLT, Associate Justice. This is a partition proceeding in which the Chancellor awarded appellee's attorney a fee, taxing it as part of the costs. On appeal appellants contend for reversal that this litigation is an adversary proceeding and, therefore, the court erred in assessing an attorney's fee as costs.

The appellant, George Guynn, Sr., the appellee, Beth Guynn, and Hugh Guynn upon the death of their father in 1947 were his sole heirs at law. Thus, as tenants in common, each owned an undivided one-third interest in the five-acre homestead. In August, 1961, Hugh and his wife conveyed their one-third interest to appellee. In September, 1961, appellee conveyed to appellant, George Guynn, Sr., an undivided one-sixth interest in these lands. In June, 1962, the appellant, George Guynn, Sr., was judicially declared incompetent and committed to the Arkansas State Hospital. On August 13, 1962, the appellee filed this action for partition of these lands making the appellants, George Guynn, Sr., and his wife, Mabel, defendants.

Appellee alleged in her petition that said lands were not susceptible of division and should be sold and the proceeds divided as the appellants' and appellees' respective interests appeared; that appellee's deed conveying a one-sixth interest in the lands to the appellant, her brother, George, Sr., was secured through undue influence and should be canceled. A Guardian Ad Litem was appointed to defend the interest of appellant, George Guynn, Sr., then a patient at the Arkansas State Hospital. Answers and amended answers were filed by the appellants denying that the lands were not susceptible of division and, also, denying the appellee's contention as to their respective interests.

Upon trial the appellee presented one witness to the effect that the lands were not susceptible of division and should be sold. The appellants presented no witness and their proof was limited to cross-examination of appellee's witness. The appellee and appellants then stipulated that each owned an undivided one-half interest. Thus, the only issue remaining before the court was whether the lands were susceptible of division. The Chancellor rendered his decree to the effect that appellants and appellee each owned a one-half undivided interest as stipulated and appointed commissioners to determine if the lands should be partitioned or sold. There were no objections by the appellants to this decree. The commissioners unanimously recommended in their report that the lands were not susceptible to an equitable division in kind and that the property should be sold. Thereupon the court entered an order granting the parties fifteen days from January 28, 1963 to file written objections to the report of the commissioners. On March 19, 1963 the court rendered its decree finding no objections had been filed to the commissioners' report; that the lands should be sold as recommended and that the matter of assessing attorneys' fees and court costs should be held in abeyance pending sale of the property.

The sale was duly perfected as required by statute. On May 15, 1963 the Chancellor rendered an order of distribution of the sale price of $6,100.00, dividing it equally between appellants and appellee after assessing the costs, including an allowance of $250.00 for attorney's fee to appellee's attorney, thus, making appellants responsible for $125.00 of this fee. The appellants filed no objections to any of these numerous proceedings nor to the final order of distribution except that part allowing appellee's attorney a fee to be assessed as costs.

In urging that this allowance of an attorney's fee as costs is error appellants rely upon Ark. Stat. Ann.

§ 34-1825 (Repl. 1962) which is Act 386 of 1921.[1] In construing this statute we have held that in a partition suit no attorney's fee can be allowed as costs if it is an adversary proceeding. *Lewis* v. *Crawford*, 175 Ark. 1012, 1 S. W. 2d 26; *Warren* v. *Klappenbach*, 213 Ark. 227, 209 S. W. 2d 468; *Beasley* v. *Beasley*, 224 Ark. 1058, 278 S. W. 2d 100; *Reagan* v. *Rivers*, 233 Ark. 518, 345 S. W. 2d 601; *Hendrickson* v. *Duncan*, 236 Ark. 722, 370 S. W. 2d 131. We have, also, held that in a partition suit where the proceedings are not of an adversary nature a reasonable attorney's fee for the plaintiff's attorney should be assessed and taxed by the court as costs against all the parties according to their respective interest. *Ramey* v. *Bass*, 210 Ark. 1097, 198 S. W. 2d 835. There we held that "a contest over the payment of attorneys' fees would not of itself be sufficient to make the partition proceedings adversary." In the case at bar, after the stipulation, the allowance of the attorney's fee is the only real issue.

Where the services of the plaintiff's attorney in a partition suit result in a benefit to the whole subject matter of the litigation, or his services are accepted and acquiesced in by the parties benefiting therefrom, it is proper for the Chancellor to award an attorney's fee and tax such as costs in the action. *Ramey* v. *Bass, supra.* We think that appellants have benefited from the result reached in the sale of this land and, further, they acquiesced in the partition proceeding except as to the attorney's fee.

The appellants urge, however, that since a Guardian Ad Litem was appointed for George, Sr.,[2] and filed plead-

[1] "Hereafter in all suits in any of the courts of this State for partition of lands when a judgment is rendered for partition, *it shall be lawful* for the court rendering such judgment or decree to allow a reasonable fee to the attorney bringing such suit, which attorney's fee shall be taxed as part of the costs in said cause, and shall be paid pro rata as the other costs are paid according to the respective interests of the parties to said suit in said lands so partitioned." [Emphasis added.]

[2] On September 5, 1963 the Chancellor, upon petition of appellants, rendered an order finding appellant, George Guynn, Sr., was discharged from the Arkansas State Hospital on February 22, 1963 as being "mentally competent to manage his affairs." The Chancellor then authorized and directed the delivery of appellants' funds from the partition sale.

ings in this cause, although they merely adopted the answers of the appellants, this made the proceeding adversary. We do not agree. The appointment of the Guardian Ad Litem and the pleadings filed by him in behalf of his incompetent ward met the minimum requirements of the statute. The Guardian Ad Litem, in requiring strict proof, was meeting the formalities required of him. In *Ramey* v. *Bass, supra,* where we approved an attorney's fee, one of the interested parties was, also, an incompetent.

In the case at bar the court properly awarded an attorney's fee to appellee's attorney to be taxed as costs and paid by appellants and appellee according to their respective interests.

We are not unmindful that Act 386 of 1921 is now amended by Act 518 of 1963. However, it is unnecessary to reach a discussion of this amendatory Act under the facts in the instant case.

Affirmed.