CHARLES JOHNSTON ET AL *v.*
RUTH JOHNSTON SMITH

5-5298                                    454 S. W. 2d 649

Opinion delivered June 8, 1970

*Henry Ginger,* for appellants.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

JOHN A. FOGLEMAN, Justice. The question involved on this appeal is the propriety of allowance of attorney's fees to a party seeking and obtaining partition of real estate.

Appellee Ruth Johnston Smith, the widow of A. J. Johnston, brought an action for partition of lands owned by him at the time of his death. Appellants, who were devisees and a widow and heirs of a deceased devisee under the will of A. J. Johnston, were named as defendants. The devise of the lands involved under which appellants claimed was made subject to the homestead and dower rights of appellee. In her complaint, appellee alleged that she was entitled to an undivided one-half interest in the lands as dower, because her late husband had no descendants, and to homestead rights in the remaining one-half. She alleged impossibility of partition in kind and prayed that the lands be sold for partition. She also asked payment of her counsel from the proceeds of sale.

Appellants filed answer denying that the devise of the lands was made subject to appellee's rights of dower and homestead, that she was entitled to dower and homestead as claimed in her complaint and that partition in kind was impossible. They admitted that A. J. Johnston left no descendants. The answer of a guardian ad litem for one of the appellants, who was a minor, was a general denial.

A partition decree was rendered, in which the chancery court's findings sustained the allegations of the complaint, but only one-half of the proceeds of sale were to be distributed to appellee and the remaining one-half to appellants. The court expressly reserved the matter of allowance of attorney's fees.

After the sale, appellee filed her petition for allowance of attorney's fees, alleging that after the filing of answers, she had elected to waive her homestead interest and that the partition decree entered was acceptable to all parties. In their response to this petition,

appellants admitted that the devise was made subject to the dower and homestead rights of appellee (as the will clearly stated), but they alleged that no attorney's fees were allowable because the proceedings were adversary to the extent that appellee's interest in the land was disputed and the court's decree fixed a lesser interest than she had claimed.

After a hearing the chancellor found that no controverted matter was submitted to the court for decision and that the decree was entered by consent of counsel. The court also found that all parties, after negotiations between them for private sale or purchase of divided interests, agreed to a public sale. The court held that appellants were benefitted by the proceeding, that Act 518 of 1963 applied, and that an attorney's fee of $500 should be taxed as costs and paid pro rata by all parties.

For reversal of the decree allowing attorney's fees, appellants argue that they were not chargeable with such fees for the reasons stated in their response, and because appellee's claim of homestead was excessive making appellants' employment of an attorney to resist the claim necessary.

Appellants rely upon *Lewis* v. *Crawford*, 175 Ark. 1012, 1 S. W. 2d 26, *Ramey* v. *Bass*, 210 Ark. 1097, 198 S. W. 2d 835, *Warren* v. *Klappenbach*, 213 Ark. 227, 209 S. W. 2d 468, *Hendrickson* v. *Duncan*, 236 Ark. 722, 370 S. W. 2d 131 and *Guynn* v. *Guynn*, 237 Ark. 668, 375 S. W. 2d 656, in all of which the proceedings were instituted at a time before Act 518 of 1963 was effective. For this reason their application in this case is limited. We recognized the possible effect of this later act now appearing as Ark. Stat. Ann. § 34-1825 (Supp. 1969) amending the act then digested as § 34-1825 (Repl. 1962) and applied in the above cases. In those cases, the earlier act's language that "it shall be lawful" to allow such fees was held to vest the allowance of such fees in the discretion of the court, and that this discretion was abused by allowance of fees in

proceedings which were actually, not just formally, adversary.

Appellee argues persuasively that the allowance in this case could be sustained, even under the old statute. This argument is based largely upon the holding in *Guynn v. Guynn,* 237 Ark. 668, 375 S. W. 2d 656, where the parties entered into a stipulation resolving an issue as to the respective interests of the parties after commencement of a trial upon the issue of susceptibility of the lands to partition in kind, and the latter issue was determined from a report of the court's commissioners to- which no objection was made. The allowance there was sustained as a proper exercise of discretion upon the dual basis that the services rendered resulted in a benefit to the whole subject matter and that the objecting parties acquiesced in the proceedings, except as to the attorney's fee.

We need not dwell upon the question whether the court's action would have been proper under the statute treated in the cases cited by appellants, because the language of the act now makes the allowance of fees mandatory, taking the matter out of the trial court's discretion. The statute now reads:

Hereafter in all suits in any of the courts of this State for partition of lands when a judgment is rendered for partition in kind, or a sale and a partition of the proceeds, the court rendering such judgment or decree shall allow a reasonable fee to the attorney bringing such suit, which attorney's fee shall be taxed as part of the costs in said cause, and shall be paid pro rata as the other costs are paid according to the respective interests of the parties to said suit in said lands so partitioned.

It is generally recognized, in jurisdictions having statutes containing mandatory words similar to those in our present statute, that the adversary nature of the proceedings is no bar to the allowance of attorney's fees for the services of the attorney bringing the suit, and that failure or refusal to allow such fees is error.

*Clement* v. *Ferguson,* 287 P. 2d 207 (Okla. 1955); *Sarbach* v. *Newell,* 35 Kan. 180. 10 P. 529 (1886); *Fibbe* v. *Poland,* 240 Ohio App. 532, 157 N. E. 808 (1927); *Foureman* v. *Foureman,* 82 Ohio App. 380, 80 N. E. 2d 266 (1947); *Donaldson* v. *Allen,* 213 Mo. 293, 111 S. W. 1128 (1908); *Jennings* v. *Jennings,* 225 Mo. App. 1010, 33 S. W. 2d 165 (1930); *Cappucio* v. *Caire,* 207 Cal. 200, 277 P. 475 (1929), 215 Cal. 518, 11 P. 2d 1097 (1932); *Randell* v. *Randell,* 4 Cal. 2d 575, 50 P. 2d 806 (1935); *Plant* v. *Fate,* 114 Iowa 283, 86 N. W. 276 (1901); *Murray* v. *Conlon,* 19 Mont. 389, 48 P. 743 (1897). It is true that some jurisdictions have placed limitations upon the services for which compensation is to be allowed, usually because of variance in the wording of statutes. For example, some jurisdictions hold that fees are to be allowed only for those services which would have been rendered in a partition proper or in a non-contested suit. See *Donaldson* v. *Allen,* supra, and *Jennings* v. *Jennings,* supra. Others limit the services considered to those found to be for the common benefit of the parties in interest. See *Watson* v. *Sutro,* 103 Cal. 169, 37 P. 201 (1894); *Cappucio* v. *Caire,* supra; *Randell* v. *Randell,* supra; also *Riley* v. *Turpin,* 53 Cal. 2d 598, 349 P. 2d 63, 2 Cal. Rptr. 457 (1960), wherein it is indicated that services excepted by the statute apply only when controversial litigation arises between some but not all parties.

Justification for these statutes has been found in the importance of painstaking preparation before filing of the suit and the necessity for meticulous compliance with procedural requirements thereafter in order to assure that all parties in interest are before the court and that there are no unnecessary impediments to a proper conclusion of the proceeding. These measures obviously inure to the benefit of those owning any share of the property. To require the cotenant who institutes the action to bear more than his proportionate share of this burden is inequitable. The preamble to Act 518 of 1963 clearly indicates our General Assembly's awareness of the inequitable burden risked by one initiating a partition suit and its intention to remedy the

situation by amendment of the existing law. Dissatisfaction with the discretionary latitude of the trial courts in allowance of these expenses was expressed in the emergency clause. If there remains, after reading the text of the act, the slightest doubt of the legislative intention to make allowance of attorney's fees in a partition suit mandatory, it is quickly dissipated by reading the introduction and conclusion of this legislative record.

In view of the finding of the chancellor as to common benefit and the reasonable amount of the allowance, we find it necessary to give a definitive answer only to the specific contention of appellants and do not reach the task of establishing the boundaries limiting such allowances in other cases.

The decree is affirmed.

BYRD, J., dissents.