WEBB *v.* STRAIT, JUDGE.

4-8817                                          218 S. W. 2d 722

Opinion delivered March 21, 1949.

*Reece Caudle* and *Richard Mobley,* for petitioner.

*E. L. Hollaway,* for respondent.

FRANK G. SMITH, J. A suit was filed in the Pope County Circuit Court on September 1, 1948, which was given the number 2352, by A. D. Hamm against James Webb, in which judgment was prayed both for property damage and personal injury resulting from a collision between automobiles owned by the respective parties. It was alleged that Webb was a resident of Pope county, Arkansas, and on this complaint a summons was issued and served on Webb in the State of Louisiana, of which state he was alleged to be and is a resident.

On September 27, 1948, without having dismissed this suit, and without permission from the court, Hamm filed a second suit with the same case number, which neither referred to the first suit nor incorporated the first complaint. This second complaint recited that Webb was a non-resident of the State of Arkansas and was a resident of the State of Louisiana, and was a resident of this latter state at all times referred to in the complaint.

Summons was issued on the second complaint under the Non-resident Motorist Act, appearing as § 1375, Pope's Digest. Thereafter Webb appeared specially for the purpose of challenging the jurisdiction of the court by moving to quash the summons issued on the second complaint, which motion was overruled and Webb has applied here for a writ of prohibition. The parties agree that the proceeding may be treated as a petition for *certiorari.*

We think the motion by whatever name it may be called was properly overruled. There is no contention that there are involved two different causes of action, as the second suit was in effect, and in fact, the same as the first. The same facts are alleged in each suit as constituting the cause of action.

The plaintiff realized that he had not properly proceeded under the Non-resident Motorist Act in his first

suit, and he undertook to comply with the statute by filing the second suit. It is true Hamm did not dismiss his first suit, but he filed a second suit to supersede it. It was held in the case of *Waters-Pierce Oil Co. v. Bridwell,* 103 Ark. 345, 147 S. W. 64, Ann. Cas. 1914B, 837, that an amended pleading filed as a substitute for the original pleading supersedes it and the original pleading ceases to be a part of the record, and that holding was reaffirmed in the case of *American Bonding Co. v. Morris,* 104 Ark. 276, 148 S. W. 519. No answer has yet been filed and the statute provides (§ 1461, Pope's Digest) "that the plaintiff may amend his complaint without leave at any time before an answer is filed and without prejudice to the proceeding already had."

Webb has been called upon to defend not two suits, but only one, this being the second complaint which supersedes the first. The first complaint erroneously alleged that Webb was a resident of this state whereas the second complaint alleged that he was a resident of the State of Louisiana. In all other respects the complaints are substantially identical and the same facts are alleged as constituting the cause of action in each of the complaints. The allegation that Webb was a nonresident was essential to make the provisions of the Non-resident Motorist Act applicable and available and the motion to quash the process issued upon the filing of the second complaint was therefore properly overruled and the order to that effect is therefore affirmed.