TALKINGTON *v.* SCHMIDT.

4-9550                                242 S. W. 2d 150

Opinion delivered July 9, 1951.

Rehearing denied October 8, 1951.

334

*E. G. Ward,* for appellant.

*Bloodworth & Bloodworth, Gerald Brown,* and *Kirsch & Cathey,* for appellee.

PAUL WARD, J.   This is an action brought, originally in Chancery Court but later transferred to Circuit Court, by appellee on a foreign judgment rendered in the Circuit Court of Saint Louis, Missouri, which granted to her on December 22, 1932, a divorce from her husband, appellant, and at the same time awarded to her $5 a week for the support of their daughter, Bobbie Jean Talkington, who became twenty-one years of age December 19, 1948. Twenty-one years is the age for majority under Missouri Revised Statutes of 1949, § 457-010. Appellee, after admitting the application of the ten years statute of limitations and after entering a remittitur correcting a typographical error in the judgment of the court, now contends that she is entitled to judgment for $5 a week, with interest as hereafter mentioned, for ten years immediately prior to November 9, 1949, the date the original complaint was filed in Chancery Court, less the time between December 19, 1948 (when the daughter became of age) and November 9, 1949. In other words, appellee seeks judgment for accumulations between November 9, 1939, and December 19, 1948, with interest thereon at six per cent to January 8, 1951. On the latter date the lower court gave appellee judgment in accordance with the above in the amount of $3,350.61, which judgment was to bear interest at six per cent per annum. The remittitur referred to above reduces the judgment by the sum of

$42.57. After appellant's motion for a new trial was overruled he prosecutes this appeal and raises many interesting questions which we now proceed to discuss.

The original complaint (captioned "Action on Foreign Judgment") alleges the Saint Louis divorce, the weekly award and non-payment thereof, the facts relative to Bobbie Jean Talkington, and that a copy of the decree of divorce was attached as "Exhibit A." After answer appellee, on April 29, 1950, filed an amended complaint, captioned "Plaintiff's First Amended Complaint" which contained substantially the same allegations as the original complaint but added that Robert Leslie Talkington was duly served with personal summons in the Saint Louis case. Service of summons was issued on the original complaint but not on the amended complaint. Appellant answered the amended complaint without mentioning the lack of service.

As stated above the cause of action was transferred to Circuit Court, but over the objections of appellant, and after the pleadings were completed and certain motions disposed of the court permitted appellee to call as her witness one George Bridges, Deputy Circuit Clerk for Clay County, and through him to introduce in evidence certified copies of all the papers, including decree and summons, in the Saint Louis divorce case. These documents had however been formerly introduced as evidence and used in an action which this appellee had brought in the Clay County Chancery Court in 1937 against this appellant wherein she sought and recovered judgment for weekly payments accruing under the Saint Louis decree up to that time.

Appellant, in his pleadings, by motion for a new trial, and by timely objections, has saved and now urges the following grounds for a reversal of the lower court.

First. That the cause should have been transferred to the Chancery Court and that it was error to allow Bridges to testify after the cause was submitted on the pleadings. We see no merit in either of these contentions. This was a suit on a foreign judgment for a sum

of money alleged to be due and no equity question was involved. There is nothing in the record to indicate the case was to be or was submitted on the pleadings and it was proper to allow the introduction of competent **testimony.**

Second. That the suit brought by appellee in 1937 to collect weekly payments is *res judicata* of this action. This could not be true because the payments sought to be collected here had not accrued in 1937. It is not sought here to collect any payment accruing prior to November 9, 1939.

Third. Appellant pleaded *nul tiel* record contending, (a) that before appellee could rely on a foreign judgment it was not only necessary to introduce and prove the foreign judgment but also all proceedings, including proof of service, upon which that judgment was based, and (b) that it was error to allow the introduction of the files in the 1937 suit. It is not suggested that the 1937 files did not contain (as exhibits) all the necessary papers to support the Saint Louis judgment or that they were not properly verified and exemplified according to the provisions of the United States statutes. We think appellant cannot be sustained on either contention. We know of no rule of law that prevents properly verified and exemplified documents from being introduced at one trial just because they have been previously introduced in another trial. Also it is not questioned that appellee attached, as ''Exhibit A,'' to her complaint a copy of the decree of the Saint Louis court and, in our opinion, that was sufficient. The rule is well stated in Am. Jur., Vol. 31, page 352, § 858, as follows:

''In an action on a judgment rendered by a court of general jurisdiction of record, it will be presumed that the judgment was legally obtained, and that the court which rendered the judgment, had jurisdiction of the cause and of the parties in the original action, where such jurisdiction is not disproved by extrinsic evidence or by the record itself. Until the contrary appears, there is also a presumption in an action on a judgment that the judgment remains in full force and unsatisfied.''

Of course the introduction of these documents presented evidence which appellant had the right to rebut had he chosen to do so.

Fourth. It is insisted that the Saint Louis judgment is not a final judgment because the court, as shown by the decree, had a right to change it. In the absence of any proof to the contrary it will be assumed that the weekly payments continued, unchanged and unpaid until Bobbie Jean became of age. It is stated, § 859 of the above cited volume of American Jurisprudence that the plaintiff suing on a judgment does not bear the burden of proving the judgment has not been satisfied. The Saint Louis court had no power to change payments that had already accrued on December 19, 1948, when Bobbie Jean became twenty-one years old. In *Nelson v. Nelson,* 282 Mo. 412, 221 S. W. 1066, the Supreme Court of Missouri said:

"If not otherwise impelled thereto, we would be constrained to hold for reasons of public policy alone that the courts of this state have no power to revoke or modify an installment of alimony which has accrued prior to the making of an application therefor."

In *Schneider v. Schneider,* 273 S. W. 1081 (Missouri), the St. Louis Court of Appeals said:

"It does not, however, give the court the power to annul or modify the judgment retroactively. The judgment in respect to past due and unpaid installments, is a fixed debt, and the wife has therein a property right which vests as the installments accrue."

Fifth. Appellant earnestly and ably insists that the Amended Complaint filed April 26, 1950, superseded the original complaint filed November 9, 1949, and consequently this would shorten the time for which appellee could recover. In support he cites *Waters-Pierce Oil Company v. Bridwell,* 103 Ark. 345, 147 S. W. 64, where we find this announcement: "An amended pleading filed as a substitute for the original pleading supersedes it, and the original pleading ceases to be a part of the record." In the cited case the opinion is silent as to whether the allegations in the amended complaint are

different from those of the original, but in the statement of facts by the attorneys for the appellant it is alleged that the substituted complaint states a wholly different cause of action. The opinion cites 31 Cyc. 465 from which the above quotation was taken. Lifted from context the quotation is misleading for we find, under the same topic, on page 464 the following: "It is a well recognized principle that an *amended* pleading based on the same cause of action or defense as the original relates back to the date when such original pleading was filed." Also the closing sentence of the section from which the first quotation above was taken reads as follows: "However, it is the province of the court, not of counsel, to declare on what pleadings a case shall be tried."

The case of *Webb* v. *Strait, Judge,* 214 Ark. 890, 218 S. W. 2d 722, is cited by appellant in further support of his contention. There the first complaint stated the defendant was a resident of this state and the second complaint stated he was a resident of Louisiana, and this court held the second complaint took the place of the first because the allegation of non-resident was essential to make the provisions of the Non-resident Motorist Act applicable.

In our opinion it makes no difference what name is given to the second complaint—that is whether it is designated "Amendment to Complaint" or "Amended Complaint"—but that the real test is whether the second complaint states a new cause of action. In the case of *Western Coal & Mining Company* v. *Corkille,* 96 Ark. 387, 131 S. W. 963, we quote the headnote: "Where the original complaint was not barred by the statute of limitations, the statute will not be a defense against an *amended* complaint which did not set forth a new cause of action, but merely amplified the original complaint." In the opinion the words "amendment" and "amended" appear to be used without distinction as to meaning. In *Paris Purity Coal Co.* v. *Pendergrass,* 193 Ark. 1031, 104 S. W. 2d 455, we find this language:

"An amendment to a declaration, petition or complaint which sets up no new cause of action or claim, and

makes no new demand relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point.''

In the recent case of *Bridgman* v. *Drilling,* 218 Ark. 772, 238 S. W. 2d 645, we said:

''We have repeatedly stated that the trial court is invested with broad discretion in allowing amendments to pleadings under Ark. Stats. § 27-1160 in order to effectuate the manifest purpose of the statute to permit the trial of litigation upon its merits. . . . We agree with the trial court that the amendment to the complaint did not constitute a new cause of action.''

Here appellee's amended complaint did not state a new cause of action or any new grounds for a cause of action and therefore relates back to the date the original complaint was filed.

Finally it is urged that appellee could not maintain this action because the weekly payments had not been reduced to a final judgment by the Saint Louis court. It was held to the contrary in *Tolley* v. *Tolley,* 210 Ark. 144, 194 S. W. 2d 687 where the suit was based on a judgment in a Kansas court for weekly payments (together with a judgment for a definite sum) and the decision was based on the fact that the Kansas court had no power to modify a judgment for weekly payments which had already accrued. Neither does the Missouri court have the power to modify its judgments under like circumstances as shown by the quotation from *Nelson* v. *Nelson,* and *Schneider* v. *Schneider, supra.*

Other questions briefed but not raised at the time of the trial are not considered.

The judgment of the lower court, as modified by the remittitur, is accordingly affirmed.