OLD AMERICAN LIFE INSURANCE COMPANY v. Dorcas TAYLOR

5-4552                                                   427 S. W. 2d 23

Opinion delivered April 22, 1968

*Jack L. Lessenberry,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

J. FRED JONES, Justice. This is an appeal by Old American Life Insurance Company from an adverse judgment of the Pulaski County Circuit Court in favor of Mrs. Dorcas Taylor, who was the plaintiff in the trial court.

On June 12, 1964, Southern Union Life Insurance Company issued a family group hospital and surgical benefit policy to the appellee, Mrs. Dorcas Taylor, and among other benefits the policy provided for payment for accidental injury resulting in death of any of the named insureds. Old American Life Insurance Company assumed all the obligations of Southern Union to the holders of policies issued by Southern Union. James Taylor, one of the named insureds in the policy issued to his mother, Mrs. Taylor, sustained an accidental injury resulting in his death, and Mrs. Taylor filed claim for $2,000 under the policy. Old American paid $1,000 as the full amount due under the policy, and Mrs. Taylor filed suit for $1,000, together with interest, penalty, costs, and attorney's fee. A trial before the judge, sitting as a jury, resulted in total judgment of $1,557 in favor of Mrs. Taylor and on appeal to this court Old American relies upon the following points for reversal:

"The evidence was insufficient to sustain the judgment of the court.

"The trial judge should not have considered opinion testimony."

Only a fact question is actually presented in this case and that question concerns the validity of an addi-

tional provision added, in red type, to the face of the policy, as follows:

"All the benefits of this policy, with the exception of the daily room benefits shall be payable at the rate of 200% of the stated amounts."

The appellant contends that this provision was a forgery, so the question boils down to whether this provision was in the policy when it was issued or whether it was added to the policy after the policy was issued.

The appellee, Mrs. Taylor, testified that her husband purchased the policy through an agent by the name of Delbert Standridge; that the policy was received through the mail and that the provision typed in red was on the policy when it was received. Mr. Taylor testified that he purchased the policy from Mr. Standridge who was part owner of a general insurance agency; that the policy was delivered through the mail; that it is now in exactly the same condition as it was when received, and that it has not been changed.

The evidence submitted by the appellee was heard by the court on June 2, 1967, and it was agreed that the remainder of the evidence would be heard on June 17. On June 17 appellant presented its evidence, and Mr. Kelly, former vice president and part owner of Southern Union Insurance Company testified that the policy was sold by Delbert E. Standridge as a writing agent and who is now in California; that T. G. Tubb of Beebe was president of Southern Union, that he saw Tubb a couple of weeks ago down town but has no personal knowledge of whether Tubb is in the state. Mr. Kelly testified that the portion of the policy typed in red is not a normal provision of policies issued by Southern Union and stated: "We don't issue policies like this. We didn't put this on there." Mr. Kelly testified that Mr. Standridge was a general agent; that Miss Dutchy Wilson, the receptionist and secretary in the home office

of Southern Union, ordinarily did the necessary typing on insurance policies, and that he is not sure where she is now unless she is at home. At page 35 of the transcript, Mr. Kelly testified as follows:

"A.  Of course we keep a copy of the policy.

Q.  Where is that?

A.  Where is a copy of the policy?

Q.  Yes, sir.

A.  In the file.

Q.  Whose file?

A.  Old American."

Appellant did not offer the testimony of agent Standridge who sold the policy, nor the testimony of Miss Wilson who ordinarily did the typing on the policies. Neither did appellant offer in evidence the office file copy of the original policy or attempt to explain its failure to do so. We conclude that there was substantial evidence to sustain the judgment of the trial court.

Some attempt was made on direct examination of the appellee as a witness at the trial, to qualify her as an expert on *typing;* on cross-examination she was questioned concerning her qualifications as an expert on *typewriters,* but the testimony elicited from her was not such testimony that would be confined to the knowledge of an expert in either field. On direct examination appellee testified that when a piece of paper has been typed on and removed from a typewriter, it is difficult to return the paper to the machine and obtain proper alignment of margins and spacing between the lines; that the typing in question on the policy involved, seemed to her to have the proper margin alignment and the proper spacing between the lines. On cross-examination

the appellee testified that the typewriter used had pica rather than elite type.

The knowledge revealed by the testimony of appellee as to the marginal alignment, spacing of lines, and pica rather than elite type on the typewriter used in preparing the policy, was knowledge common and well known to anyone who has ever used a typewriter and there is nothing in the record to indicate that the trial court gave any more weight to appellee's opinion as to the alignment of margins and spacing of the lines than he did to his own observation from examination of the policy, so we conclude that the trial court did not err in overruling appellant's motion to strike this testimony.

After the appellant had rested in the trial of this case, the appellee offered evidence in rebuttal that has given us considerable concern, especially in the light of our recent decision of *Rushton* v. *First National Bank of Magnolia,* 244 Arkansas Reports (Advance Sheets), opinion delivered April 1, 1968.

As rebuttal testimony, the attorney, who had conducted the trial for the plaintiff throughout the case, took the witness stand and under examination by another member of his firm, testified as a witness for their client. The testimony will not be set out in detail since no argument has been directed to it on this appeal, but the substance of this rebuttal testimony was to the effect that the attorney had taken the insurance policy to the office of the appellant and that the officers of the appellant company had admitted owing the full amount of the $2,000.00 claimed by the appellee; and that they and their office employees were more or less apologetic for their error in not having already paid it. No objection was made by appellant to the offer of this testimony, and unlike the *Rushton* case, supra, the witnesses were not under the rule in the case at bar, nevertheless, we reiterate the admonition laid down in the *Rushton* case against an attorney testifying for his client in a case he is trying.

We conclude that there was substantial competent evidence to sustain the judgment of the trial court and that the judgment should be affirmed.

Affirmed.