FRED T. HALLIMAN *v.*
CLAYBURN G. STILES, JR., ET UX

5-5478                                            464 S. W. 2d 573

Opinion delivered March 22, 1971

*McMillan, McMillan & Turner,* for appellants.

*Seymour S. Rosenberg,* Memphis and *Lookadoo, Gooch & Lookadoo,* for appellees.

FRANK HOLT, Justice. This is an action instituted by appellees for personal injuries allegedly received in an automobile accident. A default judgment was entered against appellant; and, from a denial of his motion to vacate that judgment, he brings this appeal.

Appellees stopped on an ice-covered bridge where an accident had previously occurred causing several other automobiles to block both lanes of passage. Appellant, driving behind, collided into the rear of appellees' car. The police who investigated the accident filed a report indicating that appellant was the holder of a Tennessee driver's license which gave his address as 405 Fonvill Avenue, Martin, Tennessee. About fifteen months later, appellees filed suit alleging that appellant was a resident of Tennessee and attempted to obtain service under the nonresident motorist statutes.

Summons was issued on the Secretary of State, and appellees' attorney mailed a registered letter containing a copy of the summons and complaint to appellant at the above Tennessee address. The letter was returned to the writer marked: "Forwarding Order Expired, Out of U.S.A." A letter containing the summons, which was mailed to appellant by the Secretary of State, was also returned similarly marked. Appellees' attorney then filed an affidavit stating compliance with the out-of-state service statute. A verified petition was filed by appellees seeking to take depositions of their doctors by interrogatories and alleging that "service cannot be had on the defendant, inasmuch as he is out of the continental United States." Appellant was thereafter determined to be in default; and, upon testimony of damages, the trial court rendered judgment totaling $58,383.89.

Several months later appellant learned of the judgment against him and filed a motion to set it aside in which he alleged that: The Tennessee address was not, and never had been, his last known address; at the time of the accident he was residing at 3322 North Kenmore, Chicago, Illinois, and had noted this same address in his Motor Vehicle Accident Report which was made the day following the accident; at the time suit was filed he was a missionary in New Guinea where he was at present; the judgment was void because he did not receive either of the letters mailed to the Tennessee address and did not, therefore, have notice of the suit or opportunity to appear and defend; and the judgment was also voidable because of fraud and unavoidable casualty. By verified amendment, he alleged a meritorious defense.

In support of his motion, appellant testified by deposition that: He had been a missionary in New Guinea for ten years; prior to this time he had lived in Chicago where he was pastor of a church; when he returned to the United States a friend in Tennessee had given him a car at which time he also obtained a driver's license from that state. He further stated that at the time of the accident he was on a year's sabbatical leave residing with his family at his Illinois address and had gone to Tennessee to visit his stepmother and some friends. His testimony also asserted that he gave his Illinois address to the police officer who had investigated the accident, to the local hospital which treated his children who were riding with him at the time of the accident, and to his insurance adjuster.

The trial court denied appellant's motion, and its order reads in part:

The Court is of the opinion that in addition to showing the invalidity of the service, it is necessary for the defendant [appellant] to allege and prove a meritorious defense to this action.

The defendant has sufficiently alleged, by verified

complaint, a meritorious defense but the Court does not feel that the proof in this case is adequate to sustain this defense and therefore it is unnecessary for this Court to determine whether the service is valid upon the defendant or not and the defendant's Motion to Vacate Judgment should be denied.

For reversal appellant relies upon three contentions: (1) The service was insufficient; (2) the judgment was void under Ark. Stat. Ann. § 29-107 (Repl. 1962), a meritorious defense therefore not being required; and (3) the judgment was voidable under § 29-506 and should have been voided in that there was an allegation and prima facie showing of a meritorious defense. We agree with appellant that the proceedings were void ab initio and that a showing of a meritorious defense was therefore unnecessary.

Appellees insist, however, that our holding in *Haville* v. *Pearrow*, 233 Ark. 586, 346 S. W. 2d 204 (1961), is dispositive of the issues now before us. There the appellants sought to set aside a judgment *solely* on the basis of § 29-506 which provides for the vacating of a judgment after the expiration of the term in which it was rendered. We said:

Under the view we take, it is not necessary that we discuss whether the service was valid, for under our holdings, irrespective of the validity of service, the judgment must be affirmed. We have many times held that before one can successfully set aside a judgment, he must show a meritorious defense. This is in accord with our statutes. Section 29-508 provides that proceedings to vacate judgments or orders under § 29-506 shall be by complaint, verified by affidavit, and shall set forth the judgment or order, grounds to vacate or modify same, and the defense to the action, if the party applying was a defendant. Section 29-509 provides that a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action on which the judgment is rendered.

In the case at bar, however, appellant does not rely on § 29-506 only. He also affirmatively attacks the very validity of the judgment itself, alleging that it is void under § 29-107 for lack of notice. If service on appellant was, as he contends, improper, then the trial court was without personal jurisdiction over him and the proceedings were void. Any adjudication resulting therefrom would, of course, be without binding force or legal consequence. *Pennoyer* v. *Neff*, 95 U. S. 714 (1878); *Moore* v. *Watkins and Others*, 1 Ark. 268 (1838). The trial court therefore erred in holding that the absence of a meritorious defense renders a determination of the validity of the service unnecessary; rather it is the validity of the service and the jurisdiction which it thereby confers that affords legal vitality to the consideration of whether or not appellant presented a meritorious defense. See *Woolfolk* v. *Davis*, 225 Ark. 722, 285 S. W. 2d 321 (1955). Although we think that a prima facie showing of a meritorious defense was made in the case at bar, this showing was not necessary since, as shall be demonstrated, service over the appellant was not effectively acquired. The proceedings were conducted without proper notice to appellant; and the judgment, consequently, was void. *Beck* v. *Rhoads*, 235 Ark. 619, 361 S. W. 2d 545 (1962).

Our nonresident motorists statutes, based on the state's police power, are designed to furnish a convenient forum in which one who has been injured within this State through the negligence of an out-of-state motorist can enforce his civil remedies. They provide that operation of a motor vehicle by a nonresident on Arkansas highways is deemed equivalent to the appointment of the Secretary of State by such nonresident as being his agent upon whom may be served all lawful process in any action arising out of any accident in which he may be involved within the boundaries of this State. Section 27-342.1. Service of process on the Secretary of State is sufficient to acquire personal jurisdiction over the nonresident, "provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or his attorney to the defendant at his last

known address." Section 27-342.2. Proof of compliance with these statutes must also be demonstrated by appending to the writ of process and filing with the trial court the defendant's return receipt or an affidavit of the plaintiff or his attorney stating compliance. Section 27-342.2. We do not think that appellees adequately observed these provisions in the case before us.

Although *Alexander* v. *Bush,* 199 Ark. 562, 134 S. W. 2d 519 (1939) suggests that our nonresident motorist statutes require actual notice to the defendant, this is not always insisted upon. Jurisdiction can be acquired if the statutes are validly enacted and prescribe a constitutional mode of service, and if the plaintiff fully complies with their provisions. See Leflar, R. A., *American Conflicts Law,* § 21 (1968). See, also, *Bruce* v. *Paxton,* 31 F. R. D. 197 (E. D. Ark. 1962). But the substituted service and constructive notice which these statutes authorize are not intended to dilute a defendant's due process right to be heard. In *Mullane* v. *Central Hanover Bank & Tr. Co.,* 339 U. S. 306 (1950), the United States Supreme Court well expressed this point:

> This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest. * * * [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

Where, as in the case at bar, personal jurisdiction over a defendant may be founded on something less than actual notice, statutory service requirements, which are implemented in derogation of common law rights, must be strictly construed and exactly complied with. *Jenkins* v. *Hill,* 240 Ark. 197, 398 S. W. 2d 679 (1966); *Kerr, Adm'r* v. *Greenstein,* 213 Ark. 447, 212 S. W. 2d 1 (1948); 61 C. J. S., Motor Vehicles, § 502 (1)(a).

In *Wuchter* v. *Pizzutti,* 276 U. S. 13 (1928), the

constitutionality of service requirements in nonresident motorist statutes was contested. The United States Supreme Court held such requirements to be constitutionally valid if they contain a provision making it *reasonably probable* that notice of the service on the Secretary of State will be communicated to the nonresident defendant who is sued. The Court also indicated that the burden is on the injured party to investigate into those facts which would normally reveal the address of the nonresident defendant. This is so, according to the Court, since ". . . it could hardly be fair or reasonable to require a nonresident individual owner of a motor vehicle who may use the state highways to make constant inquiry of the Secretary of State to learn whether he has been sued."

The requirement in our statute that notice be sent to the nonresident defendant at his "last known address" has been said to be indefinite. See Recent Decisions [*Kelso* v. *Bush,* 191 Ark. 1044, 89 S. W. 2d 594 (1935)], 34 Mich. L. Rev. 1227 (1936). Unless this is interpreted to mean that diligence is necessarily required in ascertaining such address, the statute does not prescribe a method of service reasonably calculated to give actual notice and, therefore, does not comport with the constitutional standards set out in *Wuchter* v. *Pizzutti, supra.* Other jurisdictions have already grappled with the problem of assigning an appropriate meaning to similar "last known address" provisions. See *State ex re. Cronkhite* v. *Belden,* 193 Wis. 145, 211 N. W. 916 (1927), *overruled, Sorenson* v. *Stowers,* 251 Wis. 398, 29 N. W. 2d 512 (1947); *Hartley* v. *Vitiello,* 113 Conn. 74, 154 A. 255 (1931). See, also, *Spears* v. *Ritchey,* 108 Ohio App. 358, 161 N. E. 2d 516 (1958); *Drinkard* v. *Eastern Airlines,* 290 S. W. 2d 175 (Mo. 1956). And, *cf. Nonresident Motorists Process Acts,* 33 F. R. D. 151 (1963). We think that the provision in our statute necessarily implies that a plaintiff must make a greater effort than was made in the case at bar to determine the nonresident defendant's last address in order to create a reasonable probability that he will receive actual notice of the suit.

In the case at bar, appellant testified by deposition that he gave his Illinois address to the investigating officer. According to the officer, he could not "state positively about this particular time, it is my custom and I usually verify the parties present address with the one shown on the driver's license by asking if that is still their present' address." Appellant also testified that he gave his Illinois address to the local hospital where his children received treatment, and to his insurance adjuster. The record affirmatively reflects that appellant entered this address on his Arkansas Motor Vehicle Accident Report which was promptly made (one day after the accident) and filed with the Motor Vehicle Division of the Arkansas Revenue Department in compliance with our laws. See Ark. Stat. Ann. § 75-1418 et seq. (Repl. 1957). Further investigation certainly would have disclosed appellant's Illinois address.

We do not intend to enunciate a rule which would allow an evasive absentee defendant to deliberately frustrate the purpose of our nonresident motorist statutes. This is not the case here. We simply hold that in the circumstances before us, appellees did not demonstrate that sufficient inquiry was made in attempting to ascertain appellant's last known address and thereby deprived him of "reasonably probable" actual notice consistent with due process. The substitute service statute not having been sufficiently complied with, the default judgment is void. The order denying appellant's motion to vacate is reversed and the cause remanded for proceedings consistent with this opinion.