Darrell A. MORPHEW *v.* SAFECO INSURANCE COMPANY OF AMERICA

74-50                                        510 S.W. 2d 543

Opinion delivered June 24, 1974

*Tackett, Moore, Dowd & Harrelson,* for appellant.

*Wayne Prescott* and *Victor Hlavinka,* for appellee.

J. FRED JONES, Justice. This is an appeal by Darrell A. Morphew from a circuit court judgment in favor of the appellee, Safeco Insurance Company of America, in a suit brought by Morphew against Safeco under the omnibus

clause of a liability insurance policy issued by Safeco on an automobile belonging to Larry Vanderburg and being driven by Thomas Melvin Francis with Vanderburg's consent.

The facts, in so far as they relate to the question on this appeal, appear as follows: Thomas Melvin Francis lived with Larry Vanderburg at 301 East 33rd Street in Texarkana, Arkansas. On November 12, 1971, Francis was driving Vanderburg's automobile and ran it into the rear of Morphew's automobile injuring Morphew and damaging his automobile. The appellee Safeco had liability coverage on Vanderburg's automobile and voluntarily paid some of the medical bills and automobile repair bills sustained by Morphew. When Safeco and Morphew were unable to reach a settlement for Morphew's injuries, he filed suit in circuit court against both Francis and Vanderburg. He obtained personal service upon Vanderburg and attempted constructive service upon Francis under the Arkansas nonresident motorist statute, Ark. Stat. Ann. § 27-342.1 (Supp 1973). Morphew dismissed his complaint against Vanderburg and took a default judgment against Francis for $6,000.

Morphew then filed suit directly against Safeco alleging that Francis was operating the automobile owned by Vanderburg with the permission of Vanderburg. Morphew alleged Safeco's coverage on the Vanderburg automobile and the coverage extension to Francis as the driver of the insured automobile with the owner's permission. Morphew then alleged that Safeco had notice of the lawsuit against Francis; that Safeco had in fact paid for automobile repairs; that Safeco was given an opportunity to defend the suit against Francis; that Safeco had been notified of the existence of a judgment against Francis, and that even though demand had been made against Safeco for the payment of the amount of the judgment, Safeco has failed and refused to pay same.

Safeco filed answer admitting the collision as alleged in the complaint and admitting its coverage on the Vanderburg automobile in the amounts alleged. It admitted notice of judgment against Francis and admitted that it had refused to pay same. As affirmative defenses, Safeco alleged that its insured had not complied with the terms of the insurance contract as a condition precedent for liability under it and had

not given assistance and cooperation as specifically required as a condition precedent under the terms of the policy. The answer further alleged that Francis did not receive summons and complaint or actual notice of the pendency of a suit against him and, therefore, did not so advise Safeco.

A jury was waived by the parties and the case was submitted to the trial court sitting as a jury. As already indicated, the trial court rendered judgment in favor of Safeco primarily on the grounds as stated by the court as follows:

> "The Court is of the opinion that Arkansas' long-armed statute permitting service and sometimes referred to as the 'Non-resident Motorists Service' requires utmost diligence upon the part of the plaintiff to insure notice of the pendency of the suit. *Halliman* v. *Stiles*, 250 Ark. 249, wherein the Court stated 'Appellees did not demonstrate that sufficient inquiry was made in attempting to ascertain appellant's last known address and thereby deprived him of 'reasonably probable' actual notice, consistent with due process.'
>
> Our courts have uniformly held that a diligent effort of an actual notice must be afforded unless there is a strong showing that there is a deliberate, frustrating, evasive, absentee defendant, and for the Court to find that the defendant Francis was conducting an evasive action would require the Court to speculate. As the Court feels bound to hold for the defendant for this reason, the other issues raised will not be decided."

On appeal to this court Mr. Morphew sets out his assignments of error in three points designated as follows:

> "1. An injured plaintiff, after obtaining a judgment against an insured defendant, is entitled to proceed directly against the defendant's liability insurance carrier to collect on the judgment.
>
> 2. The defendant, Safeco Insurance Company of America, having knowledge of the plaintiff's suit against its insured, Thomas Melvin Francis, was obligated to

defend Thomas Melvin Francis and its failure to do so obligates the defendant to pay any judgment rendered against its insured.

3. The cause of action against Safeco was grounded on a valid judgment and an insurance company which has notice of an action against its insured and fails to defend is bound by the judgment as to issues which were or might have been litigated therein."

All three of these assignments are predicated upon the assumption that Morphew had obtained a valid judgment on valid service against Safeco's insured driver Mr. Francis, and Safeco was directly liable to Mr. Morphew for the payment of the judgment under its insurance contract and under the law.

The entire question on this appeal turns on whether there was good and valid service on Francis. If there was no valid service on Francis, there could be no valid and enforceable judgment against him; and, of course, a void and unenforceable judgment against Francis, could not be enforced against him or his liability insurance carrier. We are of the opinion that the judgment against Francis was void and unenforceable against Safeco.

In the first place under the terms of its contract of record, Safeco only agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages. . . ." The policy further contained a provision as follows:

"6. Action Against SAFECO — Liability section: No action shall lie against SAFECO unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured *after actual trial* or by written agreement of the insured, the claimant and SAFECO." (Emphasis added).

It must be remembered that Safeco's obligation and liability sounded in contract and were primarily to the automobile owner Vanderburg and the driver Francis. We

deem it unnecessary to discuss the appellant's assigned errors in detail because we agree with the appellee that the judgment against Francis could not support a cause of action against Safeco because the judgment against Francis was void for lack of service upon him. Morphew's attorneys properly followed the statutory steps in attempting to obtain service on Francis under Ark. Stat. Ann. § 27-342.1 (Supp. 1973) which provides for the method of service on *nonresident* motorists, and resident motorists *who subsequently absent themselves physically from the state.* This statute is in derogation of the common law and must be strictly construed. *Jenkins* v. *Hill,* 240 Ark. 197, 398 S.W. 2d 679; *Halliman* v. *Stiles,* 250 Ark. 249, 464 S.W. 2d 573.

The record is clear that Francis was residing in Arkansas when the collision occurred and there is no evidence in the entire record that he has ever absented himself from this state. The circumstantial evidence, however, points to the contrary. All inquiries were made and leads were followed up in Texarkana, Arkansas, and all notices were mailed to his Texarkana, Arkansas, address. As a matter of fact, it was not even alleged in pleadings that Francis was a non-resident or that he had absented himself from this state. Such allegation at least was essential to make the provisions of the non-resident motorist act applicable. *Webb* v. *Strait,* 214 Ark. 890, 218 S.W. 2d 722.

The purpose of the statute was not to search out or fix service on residents of this state who simply cannot be found and personally served with process in the conventional manner. It is clear from the wording of the statute, as well as from logic and reason, that the purpose of such statute is to perfect service of process on residents of other states who have made themselves amendable to the laws of this state through the operation of their motor vehicles on the highways of this state; and, for the service of process on citizens of this state who have become liable to process in this state, and then absented themselves from this state beyond the reach of the conventional service of process.

There are good, practical, as well as legal, reasons why Safeco should not have entered Francis' appearance and attempted to defend him on the service attempted in this case.

Assuming that Safeco could have entered Francis' general appearance, and did so, by filing an answer for him under the service had in this case, it is not difficult to visualize the complications that could arise if Francis should be in a hospital in this state waiting for his condition to improve before filing his own complaint for personal injuries.

The judgment is affirmed.