Ella Cox McELHANEY et al *v.* Virgil COX et al

74-344                                        521 S.W. 2d 66

Opinion delivered April 7, 1975

*W. Q. Hall,* for appellants.

*Albertson and Boyd,* by: *Jim H. Boyd,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellants contend that the chancery court erred in allowing attorneys' fees of $275.00 to appellees' attorneys from the proceeds of a partition sale in this case. The action was commenced by a petition of appellees Virgil Cox and Clara Armstrong to quiet the title to the lands involved in them. Appellants Ella Cox McElhaney and Pearl Reeves answered and counterclaimed, alleging that they were tenants in common with appellees and that the property was not susceptible of division in kind, and asking that the lands be sold in partition, that the court award Ella Cox McElhaney taxes paid by her and interest thereon out of the proceeds of sale, and that, after payment of costs and a reasonable attorney's fee, the balance be divided among the respective heirs according to their interests. Appellees responded, asserting that appellants had no interest in the property and asked that the counterclaim be dismissed. Appellants then filed a request for admissions. If these requests had been admitted, it would have been clearly established that appellees were tenants in common. Appellees, however, filed an *amended* complaint alleging that it was amended by agreement of the attorneys for appellees and appellants, that the parties were tenants in common and that the property, not being divisible in kind, should be sold and the proceeds divided according to the interests of the respective parties. Appellees prayed that the court order a sale and divide the proceeds. No responsive pleading was thereafter filed by appellants.

On the 19th day of September, 1973, upon presentation of the amended complaint, the court entered an order directing the sale. No other pleading is mentioned in the decree. Prior to the entry of the decree, the attorney for appellants had advised one of the attorneys for the appellees that the proposed order was in proper form, except that it made no mention of reimbursement for taxes paid. The sale was held, reported and confirmed. The clerk of the court was its commissioner in making the sale. She filed a request for approval of her proposed distribution of the proceeds of sale, which included an item of $275 for attorneys' fees.

The major thrust of appellants' contention is that they, rather than appellees, instituted the suit and that Ark. Stat.

Ann. § 34-1825 (Supp. 1973), the governing statute, requires that a reasonable fee be allowed to the attorney bringing the suit. They argue that since appellees first filed a petition to quiet title and appellants counterclaimed for partition, the allowance should have been to their attorney, not appellees'. They overlook the fact that the *amended* complaint stated a new and different cause of action and superseded the original petition to quiet title. *Talkington* v. *Schmidt*, 219 Ark. 333, 242 S.W. 2d 150; *American Bonding Company* v. *Morris*, 104 Ark. 276, 148 S.W. 519; *Waters-Pierce Oil Co.* v. *Bridwell*, 103 Ark. 345, 147 S.W. 64, Ann. Cas. 1914B 837. They also ignore the fact that the decree for partition was rendered on that amended complaint, without consideration of any other pleading. Under the circumstances there was no error in allowing a reasonable fee to the attorneys for appellees as the parties bringing the suit for partition.

Appellants also list, but do not argue, a point for reversal based upon the absence of a prayer by appellees for allowance of attorneys' fees. Even if appellants have not waived this point for reversal by their failure to argue it, it is not well taken for at least two reasons. Appellants challenged the allowance by a motion, in which the lack of a specific prayer was not even mentioned, much less asserted as a ground. The issue cannot be raised for the first time on appeal. *Hendrix* v. *Hendrix*, 256 Ark. 289, 506 S.W. 2d 848. Furthermore, the statute mandates the taxing of the fee as a part of the costs of the cause. *Johnston* v. *Smith*, 248 Ark. 929, 454 S.W. 2d 649. We have held that under the statute as presently written the fee should be assessed and taxed proportionately against all parties. *Ramey* v. *Bass*, 210 Ark. 1097, 198 S.W. 2d 835.

Costs are incident to all actions, and where the statute requires that they be awarded, and does not require a demand for their payment, the absence of a specific prayer for the allowance in any pleading filed by appellees is not fatal. See *Jefferson County* v. *Philpott*, 66 Ark. 243, 50 S.W. 453; *Eddie* v. *Eddie*, 138 Mo. 599, 39 S.W. 451; 20 CJS 261, Costs § 2; *Arizona Cotton Ginning & Mfg. Co.* v. *Sims*, 29 Ariz. 198, 240 P. 341 (1925). See also, *Summerville* v. *North Platte Valley Weather Control District*, 171 Neb. 695, 107 N.W. 2d 425 (1961).

The judgment is affirmed.

BYRD, J., concurs.