CANAL INSURANCE COMPANY *v.*
Mary Lou (Craig) HALL

75-379                                    536 S.W. 2d 702

Opinion delivered May 24, 1976

Rieves, Rieves & Shelton and McDonald, Kuhn, Smith, Gandy, Miller & Tait, for appellant.

Nance, Nance, Fleming & Wood, for appellee.

FRANK HOLT, Justice. In 1972 appellee suffered injuries when she was involved in an automobile accident with a vehicle driven by William Clark. Clark's vehicle, owned by him, was leased to Southern Trucking Corporation. Appellant Canal Insurance Company insured all trucks used by Southern. Appellee was awarded a $30,000 default judgment against Clark. Appellee's attorneys then notified the appellant-insurer of the default judgment and demanded payment. Upon refusal, appellee filed a direct action against appellant for the $30,000 judgment together with 12% penalty and attorney's fee. Appellant answered and denied coverage alleging, inter alia, the affirmative defense that the judgment was void for lack of due process. The trial court found, inter alia, "That plaintiff exercised that degree of diligence in determining the last known address of William Clark which was reasonably calculated to give him actual notice of the pendency of the cause of action. **** That service was obtained on William Clark under the Arkansas Long Arm Statute and the judgment obtained **** was valid, and not void ab initio." Appellant argues for reversal that appellee failed to exercise the reasonable diligence required in determining the last known address of Clark in order that the service might be reasonably calculated to afford him notice of the action and, therefore, the judgment based on the purported service is void. We must agree.

Service of process on Clark was first attempted at his Arkansas address and was returned non est. Subsequently, appellee petitioned the court for instructions as to the manner in which Clark should be served. It was alleged in the petition and accompanying affidavit that Clark was a domiciliary of

Arkansas at the time of the accident. However, he had since moved to the last known address of 849 N. Dunlap, Memphis, Tennessee. The court, pursuant to Ark. Stat. Ann. § 27-2501, *et seq.*, our "long arm statute," directed a mode of service at Clark's last known address but made no specific finding as to his last known address. On June 18, 1973, service of process was had on the Secretary of State. On June 19, 1973, a warning order was first published in the Evening Times of Crittenden County and was published for three consecutive weeks thereafter. On June 21, 1973, the Secretary of State wrote the defendant, with process enclosed, at 849 N. Dunlap, Memphis, Tennessee. This letter was returned marked "moved, not forwardable." On June 22, 1973, a letter was written by appellee's attorneys to Clark at this address advising him that service had been had on the Secretary of State. This letter was also returned. On June 21, 1973, the sheriff of Crittenden County mailed a copy of the complaint and summons to the defendant at this address and it was returned marked "undelivered." The envelope was marked "moved and left no address." A second copy was mailed to Clark at this same address and the receipt was signed for "by Earline Clark, agent for William Clark on July 16, 1973." Earline is a sister-in-law of William. The sheriff received a certified letter from Frank Clark, William's brother, containing the original letter mailed to William at the Memphis address. There was a handwritten note by Frank stating "the said party [William Clark] no longer lives at this address." Without any further attempted service or investigation, a default judgment was taken against William Clark.

Earline testified by deposition at the default judgment proceeding that the last she heard from William Clark was when he left Memphis about three years ago and moved to Arkansas. He had never resided with her or her husband at 849 N. Dunlap. She testified, however, that he had lived "[A]t the other end of Dunlap." She was not authorized by William Clark to sign for his mail. She signed the receipt because she thought that her husband would know how to contact his brother. Since her husband did not know how to reach him, they sent it back. After Earline acknowledged receipt of the letter addressed to William, neither appellee nor her attorneys contacted Earline.

An official of Southern Trucking Corporation testified that he had information in his files regarding a Memphis address of William Clark's wife and his former address in Indiana. He stated that appellee's attorneys had never contacted him with reference to the whereabouts of Clark's wife or any members of his family. One of appellee's attorneys testified that his verified petition to the court for instructions as to the proper method of service stated that Clark's last known address was at 849 N. Dunlap, Memphis, Tennessee. He acknowledged that his information, based on hearsay from an investigator, was an assumption on his part. Also, following the hearsay information that Clark was residing at 849 N. Dunlap, neither he nor anyone else to his knowledge ever went there to confirm his address. Further, appellee testified that the distance between the Memphis address and the West Memphis address of her attorneys is approximately ten miles. The assistance of appellant Canal Insurance Company was not sought as to whether it had a later address for Clark. There was evidence that Clark owned two vehicles. It was admitted that appellee's attorneys had a copy of the police report regarding the accident and were aware that Clark was listed therein as the owner of a licensed vehicle. It does not appear that any effort was made to check with the Revenue Department or any other licensing bureau to determine Clark's whereabouts or last known address. Further, none of the employees at the Southern Trucking Company were contacted in an effort to ascertain Clark's last known address. The investigator was not called as a witness nor his absence accounted for. In that situation there is the suggestion or presumption that his testimony would be unfavorable. *Jones v. Jones,* 227 Ark. 836, 301 S.W. 2d 737 (1957).

During the first day of trial, one of appellant's attorneys advised the court that he had received an out-of-state phone call from Clark. Appellant requested several days' continuance in order to have Clark available. After a recess until the next day, it was stipulated that if Clark were present, he would testify, *inter alia,* "that he had no knowledge of the suit pending in the original action" and "that he had never lived at 849 N. Dunlap, Memphis, Tennessee." The stipulated testimony did not admit its truthfulness.

In *Halliman* v. *Stiles*, 250 Ark. 249, 464 S.W. 2d 573 (1971), we said:

> Where, as in the case at bar, personal jurisdiction over a defendant may be founded on something less than actual notice, statutory service requirements, which are implemented in derogation of common law rights, must be strictly construed and exactly complied with [and] **** the burden is on the injured party to investigate into those facts which would normally reveal the address of the nonresident defendant.

See also *Morphew* v. *Safeco Ins. Co.*, 256 Ark. 809, 510 S.W. 2d 543 (1974).

In the case at bar, we hold, as in *Halliman* v. *Stiles, supra,* that the appellee has not demonstrated a sufficient inquiry was made in an effort to ascertain Clark's last known address and, therefore, he was deprived of "reasonable probable" actual notice which is consistent with and required by due process. Consequently, the default judgment against him is void.

We must again take this occasion to reiterate our disapproval of an attorney testifying in an action in which he is an advocate. *McWilliams & Kimes* v. *Tinder,* 256 Ark. 994, 511 S.W. 2d 480 (1974); *Watson* v. *Alford,* 255 Ark. 911, 503 S.W. 2d 897 (1974); *Montgomery* v. *1st Nat'l. Bank of Newport,* 246 Ark. 502, 439 S.W. 2d 299 (1969); *Old American Life Ins. Co.* v. *Taylor,* 244 Ark. 709, 427 S.W. 2d 23 (1968), and *Rushton* v. *First Nat'l. Bank of Magnolai,* 244 Ark. 503, 426 S.W. 2d 378 (1968).

We deem it unnecessary to discuss appellant's other contentions for reversal. The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.