800

Clifford F. COLE et al *v.*
Nelson L. SCOTT et ux

78-188                                                575 S.W. 2d 149

Opinion delivered January 8, 1979
(Division II)

*Gus R. Camp,* for appellants.

*Guy Brinkley,* for appellees.

FRANK HOLT, Justice. Appellees and appellants were owners, as tenants in common, of 346 acres of land. Appellees sought a partition, alleging the lands were susceptible to division and, if found not to be, the property should be sold at public auction and the proceeds partitioned according to the parties' respective interests. In response, it was appellants' position that the lands could not be divided in kind and, therefore, should be sold at public auction. The chancellor, as requested by the appellees, appointed Commissioners to view the lands and determine whether the acreage was capable of division. The court rejected their determination that the lands were divisible and ordered the property sold and the net proceeds divided pro rata. The property was sold at a public sale for $332,160. After payment of mortgages and expenses, $230,210.29 remained for distribution to the parties. The chancellor allowed appellees' attorney a fee of $15,000 payable from the common fund of the sale proceeds. Appellants first assert that Ark. Stat. Ann. § 34-1825 (Supp. 1977), authorizing the award of attorneys' fees in partition suits, is unconstitutional in that it takes property without due process of law in violation of the 14th Amendment of the U.S. Constitution.

§ 34-1825 provides:

Hereafter in all suits in any of the courts of this State for partition of lands when a judgment is rendered for partition in kind, or a sale and a partition of the proceeds, the court rendering such judgment or decree shall allow a reasonable fee to the attorney bringing such suit, which attorney's fee shall be taxed as a part of the costs in said cause, and shall be paid pro rata as the other costs are paid according to the respective interests of the parties to said suit in said lands so partitioned.

It is true that this statute makes it mandatory for the court to allow attorney's fees in a partition suit. *Johnson* v. *Smith,* 248 Ark. 929, 454 S.W. 2d 649 (1970). There we specifically held that the adversary nature of a partition action, as here, no longer affects the allowance of those fees. We also observed that partition actions "obviously inure to the benefit of those owning any share of the property. To require the cotenant

who institutes the action to bear more than his proportionate share of this burden is inequitable. The preamble to Act 518 of 1963 (§ 34-1825) clearly indicates our General Assembly's awareness of the inequitable burden risked by one initiating a partition suit and its intention to remedy the situation by amendment of the existing law."

Even so, appellants correctly assert that we did not deal with the issue of due process in that case. It is argued that the legislature, by the mandatory language of § 34-1825 with respect to allowance of attorney's fees, has "taken or confiscated the property of defendants in this case before they have even had their day in court or an opportunity to be heard" and that property in a partition action is now taken by legislative mandate from an unconsenting party with the court only having discretion as to "how much property is to be taken from the property owner." Appellants fail to point out any case in which a statute similar to ours has been held unconstitutional as contravening the due process clause of the 14th Amendment. It has been held, however, that statutes which provide for the award of attorney's fee in partition actions are not violative of the due process clause of the 14th Amendment nor any other provision of the U.S. Constitution. *Dent* v. *Foy*, 97 So. 627 (Ala. 1923); *Scott* v. *Marley*, 137 S.W. 492 (Tenn. 1911). See also 73 ALR 38 c. In recognizing these statutes as being constitutional, the view is expressed that partition suits are a natural and reasonable classification by themselves and inure to the common benefit of all the parties interested as owners of the property in the litigation. In the case at bar, we perceive nothing in the 14th Amendment that forbids the award of a reasonable attorney's fee, to be paid from the common fund, pursuant to our statute.

Appellants next assert that the court's award of $15,000 as attorney's fee to appellees is excessive for the services rendered. The pertinent factors in determining the reasonableness of attorney's fee are enumerated extensively in *Robinson* v. *Champion*, 251 Ark. 817, 475 S.W. 2d 677 (1972). We have established no fixed formula to be applied in the determination of attorney's fees "other than the rule that the appropriately broad discretion of the trial court in such matters must not be abused." *Equitable Life Assur. Society* v. *Rummell*, 257 Ark. 90, 514 S.W. 2d 224 (1974).

Here the appellees argue that the fee allowed to them was reasonable inasmuch as the legal services extended over approximately nine months in this partition action which required the preparation of the necessary pleadings, court attendance on several occasions, a study of title defects, assisting in arranging for the advertisement and sale of the lands, preparation of court orders and Commissioner's deed, securing the payment and discharge of existing mortgages, inquiries into the sufficiency of the bond of the purchasers and requiring them to pay interest of 9% per annum on the unpaid balance, attending the public auction resulting in the sale price of $332,160, and a net distribution of $230,210.29. Appellees' attorney testified that, in view of these services, he was entitled to at least 5% for his services. A local attorney corroborated his view. As indicated the court awarded $15,-000 which approximates 5% of the gross sale proceeds. In support of this percentage fee, appellees cite to us *Fortuna* v. *Achor*, 254 Ark. 1035, 497 S.W. 2d 251 (1973), where we held that an attorney's fee of $5,000 "based upon 5% of [$100,000] sale price" was reasonable. Further, as here, there was no evidence offered to the contrary. As previously indicated, we have established no fixed formula or percentage in the award of attorney's fees. The test necessarily remains whether the fee awarded is reasonable in view of the services rendered. With all due deference to the services and ability of the appellees' attorney and the chancellor's evaluation of the services rendered, we cannot approve, after carefully reviewing the record, an allowance of a fee in excess of $10,000. The amount awarded is so modified. See *Equitable Life Assur. Society* v. *Rummell, supra*.

Affirmed as modified.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.