Fred RAHAT and Mary Rahat *v*. Akbar GOLMIRZAIE

97–832                                966 S.W.2d 883

Supreme Court of Arkansas
Opinion delivered April 16, 1998 ·

Kit Williams, for appellant.

Pearson and Chadwick, by: C. Thomas Pearson, Jr., and Charles R. Chadwick, for appellee.

DONALD L. CORBIN, Justice. Appellants Fred and Mary Rahat appeal the judgment of the Washington County Chancery Court awarding attorney's fees to C. Thomas Pearson Jr., Appellee Akbar Golmirzaie's attorney in this partition suit, pursuant to Ark. Code Ann. § 18-60-419 (1987). Appellants' sole argument on appeal is that the trial court abused its discretion in awarding an attorney's fee of five percent (5%) of the total sales price of the property. Appellants ask this court to abolish the practice of allowing the trial court to award a fee on the basis of a percentage of the sales price and to overrule any precedent to the contrary. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(17), as it raises an issue of significant public interest. We find no error and affirm.

The record in this case reveals the following facts. Appellee co-owned three parcels of land with Appellants. On June 9, 1995, Appellee petitioned the chancery court for partition of the land, which he asserted was not divisible in kind, and requested attorney's fees. Appellants answered on June 20, 1995, asking for consideration of a division in kind. Appellants also indicated that they would not oppose attorney's fees awarded within the discretion of the trial court. The partition action was dismissed for want of prosecution on December 11, 1995, but reinstated on December

21, 1995. On that date, the trial court entered a partition decree, finding that the properties were not capable of a division in kind and should be sold, with the proceeds of the sale to be divided and apportioned among the parties, after payment of costs and attorney's fees.

The properties were sold at auction on January 25, 1996. Tracts A and C were subsequently purchased by Appellants for $51,600 and $24,000, respectively, while Tract B was purchased by third parties for $80,000. On March 12, 1996, the trial court awarded Appellee's attorney a fee in the amount of $7,780, which was five percent (5%) of the total sales price of $155,600. Appellants objected to the amount of the attorney's fees and asked the trial court to reconsider the award. They argued that the amount of the fees failed to reflect the simplicity of the case, the dearth of pleadings, and the small amount of time needed to complete the uncontested litigation. The trial court overruled Appellants' objection, determining that the award of $7,780 was not per se unreasonable.

On February 12, 1997, per Appellants' request, the trial court conducted a hearing on the issue of attorney's fees. Walter Niblock, a practicing attorney and member of the local bar for thirty-five years, testified for Appellee. Niblock stated that he had experience in bringing foreclosure and partition cases, for which he had received attorney's fees in the amount of five percent (5%) to ten percent (10%) of the sales price of the properties. He also stated that in assessing attorney's fees in partition cases, the court should consider the amount of the partition and the pleadings involved.

Appellee's next witness, Lamar Pettus, a local attorney who had practiced in the area for twenty-two years, also testified that he had considerable experience with partitions and foreclosures. He stated that normally the attorney's fees awarded for both partitions and foreclosures is a percentage of the sales price of the property. He stated that a fee of five percent (5%) of the sales price was a reasonable fee, and that he had seen awards ranging from three percent (3%) to ten percent (10%). He stated that the factors to consider in this type of case were the amount of time and labor,

the difficulty of the case, and the experience of the attorney. He indicated that even in an uncontested partition action, however, the custom and practice in that area was that the actual work required had no real bearing on the amount of attorney's fees awarded; rather, such fees were treated in the same manner as a real estate commission or an auctioneer's fee. He further stated that the amount of attorney's fees awarded should be based upon a percentage of the total sales price, as opposed to the net gain to the parties.

Appellant presented the testimony of David Morris, a local attorney, who had practiced in the area for fifteen years. He stated that he had reviewed the pleadings in this case, and that it was his belief that the case was not unusual or difficult and did not require a high level of legal skill to accomplish. He stated that an experienced attorney such as Appellee's attorney should receive an hourly rate between $90 and $150. He stated further that such an experienced attorney should not have had to devote a lot of labor to finish this partition case and distribute the proceeds. He stated that the fee awarded in this case was high. On cross-examination, however, he agreed that attorney's fees in partition and foreclosure cases are not normally awarded upon an hourly rate. He indicated that some of his fees in partition cases were based upon a percentage of the sales price, and that in light of the factors enunciated by this court, a fee of five percent (5%) of the sales price is not per se unreasonable.

Appellant Fred Rahat testified that he did not believe that he had benefitted from the partition and sale of all three parcels of land. He contended that because he had purchased Tracts A and C and had thereby increased his debt, he had not actually benefitted from the partition of those parcels. Conversely, on rebuttal, Appellee, who is responsible for his proportionate share of the attorney's fees pursuant to section 18-60-419, testified that he thought the amount of attorney's fees was fair.

The trial court ruled that in awarding attorney's fees of $7,780, it had considered the various factors submitted by Appellants, namely the ability of the practitioner, the results obtained, and the amount of work required, as well as the total sales price

involved. The trial court found that Appellee's attorney was a lawyer of long standing in that court and was at least a reasonably average, competent attorney. (The trial court noted that Appellants did not raise any question of the attorney's competency.) The court found that the results obtained in this case were those specifically envisioned by the statute providing for fees in partition suits, as all parties to the suit had benefitted from the partition of the land. The trial court found that Appellants had actually received a benefit from the partition of the entire property, despite the fact that their debt had increased on the two parcels that they purchased. The trial court reasoned that it was their choice to assume the additional debt.

The trial court found further that the lack of evidence as to the amount of time Appellee's attorney actually spent on this case was of little consequence to its decision. The court reasoned that although an attorney's time was one factor to consider in awarding attorney's fees, it was not a decisive factor in this case, weighed along with the requisite skill, knowledge, and expertise required to take such a case to a successful conclusion. The court explained that because all attorneys do not work at the same rate of speed to obtain similar results, the particular hourly rate of an attorney was not a true measure of the work involved. The trial court additionally observed that this court's prior decisions regarding attorney's fees in partition suits have viewed the amount of the fee in relation to the value of the property in determining whether such fee was reasonable. Accordingly, the trial court ruled that the award of $7,780 in attorney's fees was not unreasonable on its face, nor was it unreasonable in light of the factors that this court has established.

Appellants argue on appeal that the amount of attorney's fees awarded by the trial court was not reasonable, given the simplistic nature of the partition action, which was not contested and did not result in any litigation except that regarding the award of attorney's fees. Appellants further ask this court to abolish the practice of awarding fees in such partition actions based upon a percentage of the sales price or fair market value of the property. Instead, they urge us to consider only those factors set out in Rule 1.5 of

the Model Rules of Professional Conduct, particularly the time and labor required by the attorney.

Section 18-60-419 provides in pertinent part:

> (a) In all suits in any of the courts of this state for partition of lands when a judgment is rendered for partition in kind, or a sale and a partition of the proceeds, the court rendering the judgment or decree shall allow a reasonable fee to the attorney bringing the suit. The attorney's fee shall be taxed as part of the costs in the cause and shall be paid pro rata as the other costs are paid according to the respective interests of the parties to the suit in the lands so partitioned.

Section 18-60-419 makes the awarding of attorney's fees in partition actions mandatory. *Graham v. Inlow*, 302 Ark. 414, 790 S.W.2d 428 (1990). In assessing a reasonable fee award, the court is to consider only those services performed by the attorney requesting the fee which are of common benefit to all parties. *Id.* This provision mandates the taxing of the fee as part of the costs of the cause, to be assessed and taxed proportionately against all parties. *McElhaney v. Cox*, 257 Ark. 934, 521 S.W.2d 66 (1975). There is no fixed formula for assessing attorney's fees in partition actions; such determination lies within the broad discretion of the trial court. *Padgett v. Haston*, 279 Ark. 367, 651 S.W.2d 460 (1983). To prevail on appeal, the appellant bears the burden of demonstrating that the trial court abused its discretion in awarding the attorney's fees. *Id.*; *Cole v. Scott*, 264 Ark. 800, 575 S.W.2d 149 (1979). "The test necessarily remains whether the fee awarded is reasonable in view of the services rendered." *Id.* at 803, 575 S.W.2d at 151.

In *Johnston v. Smith*, 248 Ark. 929, 454 S.W.2d 649 (1970), this court discussed the reasoning behind the statutory provision for attorney's fees:

> Justification for these statutes has been found in the importance of painstaking preparation before filing of the suit and the necessity for meticulous compliance with procedural requirements thereafter in order to assure that all parties in interest are before the court and that there are no unnecessary impediments to a proper conclusion of the proceeding. These measures obviously inure to the benefit of those owning any share of the prop-

erty. To require the cotenant who institutes the action to bear more than his proportionate share of this burden is inequitable.

*Id.* at 933, 454 S.W.2d at 652.

In *Robinson v. Champion*, 251 Ark. 817, 475 S.W.2d 677 (1972), this court recited the pertinent considerations for determining the reasonableness of an award of attorney's fees: (1) the attorney's judgment, learning, ability, skill, experience, professional standing, and advice; (2) the relationship between the parties; (3) the amount or importance of the subject matter of the case; (4) the nature, extent, and difficulty of services in research, collection, and estimation of evidence and potential defenses, as well as advice given before any pleadings are filed or other visible steps are taken; (5) the preparation of pleadings; (6) the proceedings actually taken and the nature and extent of the litigation; (7) the time and labor devoted to the client's cause; (8) the difficulties presented in the course of the litigation; (9) the results obtained; and (10) other factors beside the time visibly employed. This court subsequently recognized that these factors were pertinent in determining the reasonableness of attorney's fees in partition suits. *Cole*, 264 Ark. 800, 575 S.W.2d 149. Both the trial court's and this court's experience and knowledge of the character of such services may be used as a guide, with considerable weight being given to the ruling of the trial court. *Robinson*, 251 Ark. 817, 475 S.W.2d 677.

In light of the foregoing testimony and the reasoning employed by the trial court, we hold that the trial court did not abuse its discretion in awarding to Appellee's attorney a fee of five percent (5%) of the total sales price of the three partitioned parcels. We agree that both parties to this suit benefitted from the partition of the land; it is of no consequence that Appellants incurred more debt after the sale, as they chose to purchase two of the three parcels.

We are not persuaded by Appellants' argument that the trial court completely ignored the factor of the attorney's time spent working on the case. Appellants contend that the trial court viewed the amount of time spent preparing such a case to be unimportant. In their attempt to support this contention, Appellants' abstract depicts the court's ruling as follows:

> There is nothing in the record to show how much time Mr. Pearson worked, but that is unimportant.

This is not, however, a correct or complete recitation of the trial court's ruling, which is:

> There is no evidence in the record to show how much time Mr. Pearson spent. But this is unimportant *as a decisive factor. It is important as being one of the factors that may be considered.* But in so doing, this has to be counter-balanced or at least weighed along with the skill and knowledge and expertise required to carry a case to a successful conclusion. [Emphasis added.]

It is clear from the trial court's ruling that time expended on a case is a factor it considers when awarding attorney's fees. Thus, Appellants' argument that the trial court ignored the allegedly small amount of time that Appellee's attorney spent on the case clearly misconstrues the trial court's ruling.

■ ■ Furthermore, we are unwilling to hold that any award of attorney's fees pursuant to section 18-60-419 that is based upon a percentage of the total sales price of the partitioned property is per se unreasonable. We are persuaded by the trial court's reasoning that the amount of attorney's fees awarded will always be capable of being reduced to a percentage of the total sales price of the property, and that the use of a percentage fee is simply a matter of convenience to the trial court. Moreover, we see no valid reason, nor have Appellants presented us with any such reason, to overrule our prior cases favoring the trial court's discretion over a fixed formula when determining the amount of attorney's fees in partition suits. It is implicit that when using such discretion, the trial court must consider those factors stated in *Robinson*, 251 Ark. 817, 475 S.W.2d 677, and *Cole*, 264 Ark. 800, 575 S.W.2d 149, along with any other factors the court may find pertinent to the award of attorney's fees. That is precisely what was done in this case, and we therefore affirm the trial court's decision.

NEWBERN, J., not participating.